JAMES F. DAWSON *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 20, 1891. — March 15, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Due Care — Negligence — Evidence.*

Five empty passenger cars were standing upon the siding opposite a station; the incoming train passed by the station on the main track, and, after reaching the switch, was backed down upon the side track and coupled to the stationary cars. After the incoming train had passed the station, upon which from a hundred to a hundred and twenty-five people were waiting to take the train, the plaintiff tried to get into one of the stationary cars, upon the platform of which four or five people were standing, and was injured.  *Held*, in an action against the railroad company to recover damages for the injuries, that evidence that the doors of the stationary cars were locked was competent, as the locked doors may have prevented the plaintiff from getting on board the train earlier, and the crowd of passengers may have led him to hurry when he did try to get on.

Empty passenger cars were standing upon the siding opposite a station; the incoming train passed on the main track, and after reaching the switch was backed down upon the side track and coupled to the stationary cars.  *Held*, that it was not a rule of law that a passenger was guilty of contributory negligence if, after a signal had been given to start the train, he attempted to get on, the train being then at rest.

In an action against a railroad corporation for personal injuries alleged to have been sustained by the plaintiff by being thrown to the ground by the starting of a train which he was attempting to board, it was *held* that a request for a ruling that "if, when the signal to start the train was given, the plaintiff was neither getting upon the train nor appeared to be approaching it for that purpose, there was no negligence on the part of the defendant or its servants," was properly refused, as the jury were justified in finding that, under the circumstances stated, the plaintiff's theory of the case would be sustained.

Although a defendant at the trial may orally admit something which is put in issue by his answer, the court in its discretion may receive evidence, the same as if the admission had not been made.

TORT, for personal injuries occasioned to the plaintiff while attempting to get on a car of the defendant at a station called Maplewood. The declaration alleged due care on the part of the plaintiff, and negligence on the part of the defendant. The answer was a general denial.

At the trial in the Superior Court, before *Dunbar*, J., it appeared that five empty passenger cars were standing upon a side track, and the incoming train passed by the station on the main track, and, after reaching the switch, was backed down upon the side track and coupled to the stationary cars; that after the incoming train had passed the station, the plaintiff tried to get into one of the stationary cars and was injured; that the cars were locked; that there were at the time the car in question backed down four or five, or possibly six persons standing upon the car platform, and that there were four or five persons standing upon it when the plaintiff attempted to get on; that the time between the coming together of the cars and the starting up was not more than half a minute; that a witness for the plaintiff, in answer to the question whether the front door on the platform of the second car, on which the plaintiff was attempting to get, was locked, testified that all the doors were locked, the defendant objecting, on the ground that it did not claim that the plaintiff was getting upon cars upon which he had no right to get, or getting upon them while they were placed where he had no right to board them; and the defendant excepted.

A witness for the plaintiff testified, in answer to the question, "How many persons took the train at this station?" that there were from one hundred to one hundred and twenty-five passengers waiting to take the train; and the defendant excepted to

the admission of the testimony. Before the last question was put, the defendant stated that its contention was that the plaintiff got upon the train while in motion, or at least after the signal to start had been given, and that it made no other claim of negligence on the part of the plaintiff. The defendant offered evidence tending to support both of the above contentions. There was also evidence that the signal to start was given by a brakeman to the baggage-master, and by him to the conductor, who stood by the engine and out of sight of the plaintiff, but there was no affirmative evidence that the plaintiff saw the brakeman or any train hand giving or transmitting a signal, except such as might be inferred from the position occupied by the trainmen.

The defendant requested the following rulings: 1. "If, when the signal to start the train was given, the plaintiff was not getting upon the train, nor appeared to be approaching it for that purpose, and if after the signal was given he then attempted to get on, even if the train was at rest when he began his attempt, and during the attempt the train started, he was guilty of contributory negligence, and cannot recover." 2. "If, when the signal to start the train was given, the plaintiff was neither getting upon the train nor appeared to be approaching it for that purpose, there was no negligence on the part of the defendant or its servants."

The court declined to give the instructions requested; but did, at the close of instructions to the jury, say: "Two or three of these witnesses say that they looked along the line of the train at the time when the signal was given, and that there was nobody attempting to get upon the train, and that there was nobody apparently endeavoring to reach the train for the purpose of getting upon it. Of course, if the plaintiff was not endeavoring to get upon the train, and if he was not approaching for the purpose of getting upon the train, then the plaintiff's theory of the case would not be sustained, because he could not have been injured. I leave that whole question to you as a question of fact." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. Lincoln*, (*T. Hunt* with him,) for the defendant.

*C. G. Fall*, for the plaintiff.

ALLEN, J. The defendant in its answer denied each and every allegation contained in the plaintiff's declaration, and thus required the plaintiff to prove his whole case. One averment was that he was in the exercise of due care. There were five passenger cars standing upon a side track, and the incoming train passed by the station on the main track, and, after reaching the switch, was backed down upon the side track and coupled to the stationary cars. After the incoming train had passed the station, the plaintiff tried to get into one of the stationary cars, and received his injury.

The evidence objected to was competent. If the doors of the stationary cars were locked till just before starting, and if there were many persons at the station waiting to take that train, and if the plaintiff knew these facts, the jury might think they had a bearing on the question of due care in not getting upon the train sooner, or in the haste which he showed in trying to get on; and if under these circumstances the train started very soon, that would bear upon the question of the defendant's due care. The locked doors may have prevented the plaintiff from getting on board the train earlier. The crowd of passengers may have led him to hurry when he did try to get on.

Although a defendant at the trial may orally admit something which is put in issue by his answer, the court in its discretion may receive evidence, the same as if the admission had not been made. *Dorr* v. *Tremont National Bank*, 128 Mass. 349, 360, and cases cited.

The defendant's first request for instructions was rightly refused. It is not a rule of law that a passenger who is to take a train at a station, under circumstances like those disclosed, is guilty of contributory negligence if, after a signal has been given to start the train, he attempts to get on, the train being at rest when he begins his attempt. He might not know the signal had been given. If he did know it, there might be reason to think he could get on before the train should actually start.

The defendant's second request was sufficiently covered by the instruction to the jury that under the circumstances stated, the plaintiff's theory of the case would be sustained.

*Exceptions overruled.*