EMMA INNESS, administratrix, *vs.* BOSTON, REVERE BEACH, AND LYNN RAILROAD COMPANY.

Suffolk.    March 23, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Loss of Life — Negligence — Passenger — Evidence — Question for Jury.*

At the trial of an action against a railway company, under Pub. Sts. c. 112, § 212, for causing the death of the plaintiff's intestate, a passenger, by the gross negligence of the defendant's servants, there was evidence tending to show that he had just gone up the steps and reached the platform of a car when the train of which the car was a part, and which had been delayed by snow, was run into by a later train, and the intestate was thrown off and killed. His general practice was to travel by a street railway, and it was contended that it was as likely that he was crossing the platform on his way to the electric cars as that he intended to go by steam, and it did not appear that he had a ticket or the money to pay for one. No electric cars were running at the time because of the snow storm. There was testimony that the street railway could be seen from the intestate's house, and that less than a quarter of an hour before the accident he looked out in the way he always did to see if the electric cars were there, and then left in a hurry, saying that he was going to take the train, as there were no

electric cars running. The judge directed a verdict for the defendant. *Held*, that the intestate's statement was admissible, that he was a passenger, and that the case should have been submitted to the jury.

TORT, under Pub. Sts. c. 112, § 212, for causing the death of the plaintiff's intestate, a passenger, by the gross negligence of the defendant's servants. Trial in the Superior Court, before *Maynard*, J., who, at the close of the evidence, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*E. O. Shepard*, for the plaintiff.

*W. I. Badger*, (*H. W. Ogden* with him,) for the defendant.

HOLMES, J. There was evidence that the intestate had just gone up the steps and reached the platform of a car, when the train of which the car was a part, and which had been delayed by snow, was run into by a later train, and he was thrown off and killed. The question argued is whether there was any evidence that he was a passenger at the time. The train upon which, according to the evidence mentioned, he had just entered, was bound for Boston, his destination. It was at rest, and of course if he had reached the platform on his way into the car he had got far enough to have the rights of a passenger, so far as his position is concerned. But it is urged that his general practice was to travel by a street railway, and that, on the evidence properly admitted, it is as likely that he was crossing the platform on his way to the electric cars as that he intended to go by steam. It also is argued that, as it does not appear that he had a ticket or the money to pay for one, it does not appear that he had the rights of a passenger, whatever his intent.

At the time of the accident, no electric cars were running because of a snow storm. There was testimony that the street railway could be seen from the intestate's house, and that less than a quarter of an hour before the accident the intestate looked out in the way he always did to see if the electric cars were there, and then left in a hurry, saying that he was going to take the train, as there were no electric cars running. The admission of this statement was excepted to, but was proper. If either his intent or his belief that no electric cars were running was material, his statement at a moment when he had no interest to make evidence was admissible to show the state of his mind, within

the established exception to the rule against hearsay. *Commonwealth* v. *Trefethen,* 157 Mass. 180. Clearly his belief, especially when shown to have been correct, was material, as it would have the taking of the steam cars for its natural consequence, and so would show the probable intent with which he got upon them. His intent so shortly before the act to be interpreted, being in accord with what was to be expected from his belief, also was admissible, and might have been presumed to continue, as indeed it might have been found to exist without direct evidence.

We have nothing to do with the credibility of the testimony for the plaintiff. That must be left to the jury. But we have said enough to show that there was a case for them, unless the plaintiff was bound to put in evidence that the intestate had a ticket or was able to pay his fare. He went to Boston daily, he knew that he could not go for nothing, and it may be presumed that he knew whether he could pay or not. It also may be presumed that he took the train with lawful intent, when nothing in his manner of boarding the train or the other facts raises a doubt. It is not necessary that a man should have bought a ticket in order to be a passenger, either at common law or within the meaning of the statute under which this action is brought.

*Exceptions sustained.*