JOHN J. RILEY *vs.* HAZEL MILLS.

Suffolk.    November 11, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions. *Evidence,* To impeach witness. *Witness,* Cross-examination.

An exception to the exclusion of a question asked of a witness for the plaintiff on cross-examination, the answer to which would have tended to show bias on the part of the witness by showing that he also had brought an action against the defendant based on the same facts which were the foundation of the action on trial, will not be sustained where the record shows that the cross-examining counsel did not state that the question was asked for the purpose of showing bias on the part of the witness and thus impeaching his testimony, and that the trial judge treated it in colloquy with counsel as offered only in some way to establish some connection between the plaintiff and the bringing of the other action by the witness.

At the trial of an action by a real estate broker for a commission, it is within the discretionary power of the trial judge to exclude on cross-examination of the plaintiff and of his agent testimony tending to show that, after failure of consummation of a contract procured by the plaintiff for the defendant, the plaintiff procured another contract for the same customer with another person, for which he received a larger commission.

CONTRACT for a commission alleged to be due to the plaintiff as a real estate broker for procuring a sale of the defendant's lodging-house.    Writ in the Municipal Court of the City of Boston dated May 18, 1910.

On appeal to the Superior Court the case was tried before *Morton,* J.    Material evidence is described in the opinion.    There was a verdict for the plaintiff in the sum of $160.22; and the defendant alleged exceptions.

The case was submitted on briefs.

*B. J. Killion & C. Toye,* for the defendant.

*R. Gallagher,* for the plaintiff.

CARROLL, J.    This is an action of contract.    The plaintiff, a real estate broker, seeks to recover for services in negotiating the sale of the defendant's lodging-house.    There was evidence that the plaintiff, by his agent, introduced a customer, Mrs. Wilbur, to the defendant, who offered to pay $2,300 for the property; that

the offer was accepted; that a contract was signed by Mrs. Wilbur and by the plaintiff as agent of the defendant, and was accepted by her; that the day after the contract was signed the defendant notified the plaintiff that she had changed her mind about the sale.

The defendant's counsel asked Mrs. Wilbur on cross-examination whether she brought suit against the defendant for breach of contract, offering to show that the answer of the witness would be "Yes." This evidence was excluded. It is now contended that the evidence was admissible as tending to show interest or bias on the part of the witness. It does not appear that when this evidence was offered it was for the purpose of showing bias of the witness or affecting her credibility. When the plaintiff objected to the introduction of the evidence the court said, "You don't claim that Mr. Riley was a party to the suit in any way, do you?" Thereupon the same question in a different form was put, and the court said, "You cannot bind Mr. Riley unless he was a party to it. . . . There is no basis for it yet, that I can see." It is apparent from this that the judge considered the evidence was offered to affect the plaintiff. Nothing was said to correct this impression and no suggestion was made by the defendant that the evidence would in any way affect the testimony of Mrs. Wilbur; therefore it cannot now be claimed that it was admissible for a purpose not claimed or suggested at the time of the trial.

The plaintiff and his agent were asked on cross-examination whether, after the defendant refused to sell, they sold to Mrs. Wilbur another lodging-house for which the plaintiff was to receive a larger commission than he would receive from the sale of the defendant's house. Even if this matter had any bearing on the issue on trial, it was within the sound discretion of the presiding judge, and there was no error of law in excluding it. *Jennings* v. *Rooney,* 183 Mass. 577.

The evidence of the price for which the defendant subsequently sold the property was inadmissible.

*Exceptions overruled.*