JACOB GERBER *vs.* NEW YORK CENTRAL RAILROAD
COMPANY.

Middlesex.    June 28, 1933. — November 13, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Passenger.  Carrier,* Of passengers.  *Negligence,* Railroad, Contributory.
*Railroad.  Witness,* Cross-examination.

At the trial of an action against a railroad corporation for personal in-
juries sustained by the plaintiff when he fell from the step of one of
the cars of a moving passenger train of the defendant, there was
evidence for the plaintiff that when he arrived at a station to board
the train it was not in motion and he did not see any one on the plat-
form, and that the train started after he had put one foot on the
step and had taken hold of the handle bar and while he was trying to
get his other foot on the step; and there was evidence for the defend-
ant that, when the signal to start the train was given, no one was
there to get aboard and that after the train had started the plaintiff
ran to it and attempted to get aboard.  There was no evidence that
the defendant's employees knew, when the signal to start was given
or before the train started, that the plaintiff was intending to get
aboard.  *Held,* that the questions, whether the plaintiff had become a
passenger when he was injured, whether he was guilty of contributory
negligence, and whether the defendant's employees were negligent,
were for the jury.
The extent of cross-examination rests largely in the sound discretion of
the trial judge.
At the trial above described, a request by the plaintiff for a ruling that
he "would not be negligent" in certain circumstances was unsound
because it was based on what "he thought" he could do, rather than
on what a prudent man reasonably would believe he could do.
It was a question for the jury, at the trial above described, whether the
plaintiff was guilty of contributory negligence if he attempted to
board the train before it started but after the signal to start had been
given; and therefore it was proper to refuse a request by the plaintiff
for a ruling that as matter of law he was not negligent if he did so,
and it was reversible error so to instruct the jury that in effect they
would be required to find him guilty of contributory negligence if he
did so.

TORT.   Writ dated January 14, 1930.

The action was tried in the Superior Court before *Mor-
ton,* J.  Material evidence and portions of the judge's charge

are described in the opinion. In addition to the testimony, described in the opinion, of the surgeon called by the defendant, he testified in direct examination respecting statements of the plaintiff to him concerning the way in which he received his injuries.

The plaintiff's eighth and twelfth requests for rulings were as follows: "8. That if the plaintiff attempted to board the train before the train started, but after the signal had been given by the defendant's agent to start the train in motion, he was not negligent as a matter of law." "12. After the signal to start the train had been given but before it started he had placed his foot upon the step for the purpose of boarding the train he would not be negligent if he did not know the signal had been given, or, if he did know it, if he thought he could get on before the train should actually start."

There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*F. W. Mansfield & M. J. Robinson,* for the plaintiff.

*L. A. Mayberry, H. L. Barrett, & D. E. Mayberry,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while attempting to board an eastbound train of the defendant, at its Ashland station, on the evening of November 26, 1929. There was evidence tending to show that the train was due at the station a little before 6:55 P.M. and was scheduled to leave at that time. It arrived at about 6:55 P.M. and left at about 6:56 P.M. The plaintiff testified, in substance, that when he arrived at the station the train was still there; that when he put one foot on the step of one of the cars and took hold of the handle bar to get aboard, and tried to get his other foot on the step, the train started; that he was not strong enough to hold himself; that he was carrying an overcoat over his right arm; that when he came to the station he did not see any one on the platform; and that he intended to purchase a ticket on the train. The evidence showed that he fell from the step, and the wheels of the

train passed over one of his legs necessitating its amputation. The defendant introduced evidence tending to show that when the signal to start the train was given by the conductor no one appeared to board the train, and that after it started the plaintiff was running toward it; that he grabbed the handle bar of one of the cars with his left hand; that he missed the step, and fell under the wheels. The jury returned a verdict for the defendant. The case is before this court upon exceptions to the refusal by the trial judge to give certain requests for instructions, to parts of the charge and to the exclusion of a question asked by the plaintiff's counsel in cross-examination.

Whether at the time the plaintiff was injured he had acquired the rights of a passenger, presented a question of fact for the jury. Witnesses called by the defendant testified that after the train had started to leave the station the plaintiff was seen running toward the train. If, as the jury were warranted in finding, he attempted to get upon the train after it had started, he did so without any implied invitation of the defendant, and acquired no rights as a passenger. *Merrill* v. *Eastern Railroad*, 139 Mass. 238, 240. The facts in *Inness* v. *Boston, Revere Beach, & Lynn Railroad*, 168 Mass. 433, cited by the plaintiff, are plainly distinguishable from the facts which could have been found in the case at bar.

The present case is governed by the well established rule that a person becomes a passenger on a railroad when he puts himself in the care of the company to be transported under a contract, and is accepted as a passenger. A railroad company holds itself out to receive as passengers all persons who present themselves in a proper condition, and in a proper manner at a proper place to be carried. *Webster* v. *Fitchburg Railroad*, 161 Mass. 298, 300. The plaintiff testified that when he came to the station platform he did not see any one there, and there is no evidence that he was seen by any one at that time. Certain witnesses called by the defendant testified that they saw him running toward the train after it was moving from the station. There was no evidence that the conductor when he gave

the signal to start the train saw the plaintiff, or knew that he was intending to board it, and no evidence which would warrant a finding that the defendant or any of its officials knew that the plaintiff was intending to take the train before it started from the station. If, as the jury could have found, the plaintiff's injuries were not due to any negligence of the defendant or of its servants or agents, the verdict for the defendant was justified.

The questions, whether the plaintiff was in the exercise of due care at the time he was injured, and whether the defendant was negligent, were properly submitted to the jury. In *Harvey* v. *Eastern Railroad*, 116 Mass. 269, it was said by Chief Justice Gray speaking for the court, "The jury, if they were governed by the instruction of the court, have found that the plaintiff attempted to get upon the train after it had started and while it was in motion. Such an attempt, in the absence of evidence of any circumstances tending to excuse it, conclusively showed, as matter of law, that the plaintiff was not in the exercise of due care." The principle of law so stated is applicable to the case at bar.

The plaintiff excepted to the exclusion of a question asked in the cross-examination of a surgeon who had been called by the defendant and previously had testified in cross-examination that he was not in the employ of the defendant, but did their surgery in Framingham. He was then asked by counsel for the plaintiff, "So that you knew then of course that the Boston and Albany Railroad would be responsible for your services there?" The question was excluded and the plaintiff excepted. This witness had previously testified in his direct examination that he did medical and surgical work for the defendant in that vicinity, and that the defendant had paid him $150 for the operation and first aid rendered to the plaintiff. The exception to the exclusion of the question must be overruled. The extent of cross-examination rests largely in the sound discretion of the presiding judge. There was no abuse of such discretion in the present case. *Jennings* v. *Rooney*, 183 Mass. 577. *Commonwealth* v. *Bosworth*, 257 Mass. 212.

The twelfth request is not sound in law because it lays down the rule that the plaintiff as matter of law was not negligent provided "he thought he could get on before the train should actually start." The true rule is that in the circumstances stated he would not as matter of law be negligent provided a prudent man would reasonably believe that he could get on before the train started. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235. The eighth request was denied rightly. It is subject to the same criticism as request 12. In addition it is a positive direction that it was not negligence to attempt to get aboard after the train started but after the signal to start had been given. Whether it was negligence or not was a question of fact in the circumstances. The judge instructed the jury that if the plaintiff attempted to get on the train after it had started "or after he knew or had reason to know that the signal was given to start it there can be no recovery." We are of opinion that this instruction was erroneous. If the jury believed the testimony of the plaintiff that when he put his foot on the step to get aboard the train it had not started, he was not guilty of contributory negligence as matter of law. There is no evidence to show that he heard the signal. If he heard it, and the train was at rest when he attempted to get on, he was not negligent as matter of law as he might have had reason to believe he could do so safely. It was said in *Dawson* v. *Boston & Maine Railroad*, 156 Mass. 127, at page 130: "It is not a rule of law that a passenger who is to take a train at a station, under circumstances like those disclosed, is guilty of contributory negligence if, after a signal has been given to start the train, he attempts to get on, the train being at rest when he begins his attempt. He might not know the signal had been given. If he did know it, there might be reason to think he could get on before the train should actually start." It follows that the instruction to the jury that the plaintiff could not recover if he attempted to board the train after the signal to start had been given was erroneous, since the jury might have found that the plaintiff was in the exercise

of due care if he attempted to board the train before it started to move but after the signal had been given.

The other exceptions to the charge and to the refusal to give the other requests need not be considered, as the questions so presented may not arise at another trial.

*Exceptions sustained.*