Pettingell, J.
Action of tort. There was evidence that the plaintiff was riding his bicycle on the highway in the rear of the defendant’s parked automobile and that the defendant, without blowing his horn, or giving any other signal, “suddenly backed” his car out of the parking space, also that the defendant’s car “suddenly shot out from the curbing about three feet” striking the plaintiff’s bicycle.
The plaintiff requested a ruling that “There is sufficient evidence to warrant a finding for the plaintiff,” which the judge denied with the comment “I find there is no evidence to warrant a finding for the plaintiff. I therefore deny the ruling.”
There was other evidence inconsistent with the plaintiff’s evidence just mentioned and some contradictory thereto.
The care required of an operator of an automobile who *29 backs it has been stated by the Supreme Judicial Court in Minsk v. Pitaro, 284 Mass. 109, at page 112, where the court states,
‘ ‘ The backing of any vehicle entails more or less limitation on the view of the driver of the area to be traversed and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be or likely to be, there, whether the vehicle is being backed on a public street or on private land.”
See also, Eaton v. S. S. Pierce Co., 288 Mass. 322, at 324, 325.
In Cairney v. Cook, 266 Mass. 279, an operator of an automobile was held to be negligent when he backed out of a driveway and struck a boy walking on the sidewalk, the boy’s vision being blocked by a building, and the defendant not having sounded his horn or given any other signal of his approach.
In the case at bar the evidence that the defendant “suddenly backed” his car without giving any signal, and that as a result of such sudden backing it “suddenly shot out from the curbing about three feet” warranted a finding that the defendant was negligent and that the plaintiff could recover. Failure to give the ruling requested was error, Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301.
Whether or not it was prejudicial error must be determined by what the record shows as to what the judge had in mind. Thus, if it is apparent that the real reason for the ruling was that the trial judge did not believe the plaintiff’s evidence and denied the ruling requested on the issue of credibility, although such a procedure is improper and constitutes error, it is saved from being prejudicial because the same result would have been reached if the ruling had been given and the case then decided on the disbelief of the plaintiff’s witnesses. Credibility, however, is a matter of fact, *30 Warner v. Fuller, 245 Mass. 520, at 525; Topjian v. Boston Casing Co., Inc., 288 Mass. 167, at 168; and like any other fact which is relied upon to prevent error from being prejudicial, must affirmatively appear upon the record or otherwise positively demonstrate its presence. In the case of the denial of a request for a ruling of law there is no such presumption in favor of a trial court as exists as to findings of fact made by it. Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, at 18.
In the case at bar, the trial judge found no facts; we are left in doubt as to the meaning of his comment “I find there is no evidence to warrant a finding for the plaintiff.” It could mean that he did not find evidence which he believed. It could mean, also, that he found that the defendant violated no duty owed to the plaintiff and that the accident was such a happening as is described in Ellis v. Ellison, 275 Mass. 272, at 274, 275. That ease, however, is to be distinguished from this because there the defendant was proceeding in a normal manner and could not foresee that the plaintiff would suddenly appear before him. In this case, the defendant was not proceeding in a normal manner; backing is always an irregular proceeding for which, as has been pointed out, there is a special duty of care because of the out of the usual conditions.
Because of the absence of anything to show what the trial judge had in mind in denying the request, and the uncertainty as to the principle of law upon which he acted, his error in denying the request cannot be held to be harmless. DeYoung v. Andrews Co., 214 Mass. 47, at 50; Kaufman v. Sydeman, 251 Mass. 210, at 217; Russell v. Foley, 278 Mass. 145, at 148, 149.
The finding for the defendant is to be vacated and the ease is to stand for a new trial.