Riley, J.
In this action of tort the trial judge made a finding for the plaintiff. Her Declaration alleges that while she was standing on the sidewalk on Main Street in the City of Springfield the defendant so negligently and unskillfully operated a motor vehicle that she was thrown down and injured.
The defendant’s answer is a general denial and contributory negligence.
The only evidence offered at the trial was testimony of the plaintiff and is recited as follows:
“On the evening of June 7,1939, the defendant called at the home of the plaintiff, and took her in his car to the Springfield Turn Verein to attend a political meeting, and after the meeting was to transport her to her home. On the trip home, they decided to stop at a restaurant called ‘Cupid’s Inn’ on North Main Street; that the Defendant stopped his automobile at the curb' in front of *196 the restaurant and the plaintiff got out of the car, walked across the sidewalk toward the entrance to go into the ‘Inn’ to obtain some sandwiches to bring back to the car and take them to her home, where she and the defendant were to enjoy a lunch. When the plaintiff got out of the car, the car was at a standstill, the motor running and in reverse gear, and the door left open. The plaintiff observed three men coming out of ‘ Cupid’s Inn’ who were under the influence of liquor, and turning around returned to the automobile and placed one foot on the running board of the defendant’s car. The plaintiff had one foot on the sidewalk and one foot on the running board of the car and was talking to the defendant and asking him to come into the restaurant with her when his foot slipped off the clutch, and the car suddenly moved backward and the open door struck the plaintiff knocking her down and injuring her. ’ ’
The trial judge made the following special finding of fact:
“The Court specially finds that the'Defendant had gratuitously undertaken to transport the Plaintiff to her home; that before reaching the Plaintiff’s home the transportation was interrupted, it having been decided between them that they could stop at a certain restaurant where the Plaintiff could buy some sandwiches to be taken out and eaten by them at her home; that pursuant to this intention, the Defendant stopped his automobile at the curb in front of the restaurant and the Plaintiff alighted therefrom and walked across the sidewalk toward the entrance thereof; that before reaching same she turned around and returned to the side of the automobile, the door of which was open; that she placed one foot on the running board and stood, with her other foot on the sidewalk, talking to the Defendant and asking him to come into the restaurant with her; that she did not intend to enter the automobile, but returned to same solely for the purpose of asking the Defendant to accompany her into the restaurant; that while she was standing in this position, talking to the Defendant, the motor of the automobile was running and the gear was in reverse; that the Defendant’s foot slipped off the *197 clutch and the automobile suddenly moved backward knocking the Plaintiff to the ground and injuring her right hand; that at the time of the. accident the gratuitous undertaking of the Defendant to transport the Plaintiff to her home had been temporarily abandoned to permit the Plaintiff to enter the restaurant for the purchase of sandwiches; that the gratuitous guest relationship which had previously existed between them had terminated and had not again come into existence at the time of her injury; and that as the Plaintiff had no intention of entering the automobile, the accidental backing of same, after she had returned to it for another purpose, was no part of the gratuitous undertaking assumed by the Defendant to transport the Plaintiff to her home.
“The Court further finds that the Defendant was negligent in the operation of his automobile and his negligence contributed as a proximate cause of the injury-; and that the Plaintiff was in the exercise of due care. ’ ’
Certain evidence of the plaintiff • upon which the judge based some of his findings of fact was duly objected to by the defendant but admitted and the correctness of the court’s ruling is reported. These questions and answers, admitted over the defendant’s objection, are as follows:
“Q. Did you have any intention of getting back into the car at that time? A. He was going to come in and eat with me.
Q. Well, were you intending to get back in the car then or just to talk with him? A. Just to talk to him.
Q. Did you have any intention of getting back into the car at that time ? A. No, I was talking to him, asking him if he would come in with me.”
The Judge denied the following Requests for Rulings duly presented by the defendant:
1. On all the law and the evidence the plaintiff is not entitled to recover on the ground that
(a) at the time of the accident, the plaintiff was a guest and there is no evidence in this case that the defendant violated any duty owed to this plaintiff, there being no evidence of gross negligence.
*198 (b) The plaintiff was a guest of the defendant at the time of the accident.
3. The gratuitous undertaking of transporting the plaintiff had not ceased at the time of the accident and she was still a guest of the defendant.
5. The opening of the door to either permit the plaintiff , to leave the car or to enter the car was in the course of the gratuitous undertaking, and the plaintiff was a guest for whose injury the defendant was only liable in event that his conduct constituted gross negligence.
The first and third Requests were denied on the ground that the Court had found to the contrary and the fifth Request was denied as being based upon an assumption of fact that was not found by the court. He ruled there was no evidence of gross negligence on the part of the defendant and further ruled that the evidence warranted a finding that the plaintiff was a guest of the defendant at the time of the accident but that weighing the evidence upon the question of fact, the court found that it did not prove that the plaintiff was a guest by a preponderance of the evidence.
Aside from the question of admissibility of the evidence, hereinbefore recited, the sole question to be decided is whether the judge was bound to rule, as matter of law, that the plaintiff at the time of her injury was a guest of the defendant or whether it was permissible for him to find; as he did, that it was a question of fact which he, by his finding, resolved in favor of the plaintiff. Our Supreme Court has in recent years passed upon three cases in which a situation somewhat similar to the case at bar has arisen. They are Fone vs. Elloian, Mass. A. S. (1937) 429, Ruel vs. Langelier, Mass. A. S. (1938) 77 and Head vs. Morton, Mass. A. S. (1939) 195. While the circumstances of each of these eases in some respect resemble the facts in the case at bar, they each have many distinguishing features. The difficulty in applying the principles involved to the facts is illustrated *199 by the fact that in each of these cases the decision of the lower court was reversed by the Supreme Court. That court was particular to state in the case of Head vs. Morton, Mass. A. S. (1939) 195 at 198, “We are not aware that this precise question has been raised in any case where the facts are similar to those in the case at bar, and what is said hereinafter must be taken as applying to the facts in this case. There is no occasion or intent to lay down any general rule.’’ Later, at Page 200, the court goes on to say, “We think that the case at bar comes within the rule stated in Ruel vs. Langelier, Mass. Adv. Sh. (1938) 77, 78, where it was said, at page 78: ‘Coming now to the case before us, it must be clear that the degree of the defendant’s duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant’s automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant’s duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed.’ ”
We think that upon the facts of the ease at bar the trial judge would have been well .warranted in finding that the plaintiff still remained a guest of the defendant at the time of her injury. However, bearing in mind the language of the Supreme Court, just hereinbefore quoted, as to the test to be applied, we are constrained with a great deal of hesitation to hold that the trial judge was not compelled to rule that the plaintiff was still a guest as matter of law and was entitled to find, as he did, that she had temporarily ceased to be a guest at the time of her injury. No Bequest was made that the plaintiff and defendant were engaged in a joint enterprise at the time of her injury, the question was not argued by the parties and does not seem to be open for argument on the report of the trial judge.
*200 While the questions objected to by the defendant and admitted by the judge were leading, we think they were admissible as bearing upon the intent of the plaintiff in respect to resuming her journey and in describing what the purpose of her conversation with the defendant was and her physical position in respect to his automobile at the time of the accident. Innes vs. Boston, Revere and Lynn Railroad, 168 Mass. 433. Partridge vs. United Elastic Corp., 288 Mass. 138 at 141 and cases cited.
Our conclusion is that there was no prejudicial error on the part of the trial judge in the admission of evidence or in his refusal to grant the defendant’s Bequests for Rulings and the Report will be ordered dismissed.