CLARENCE M. BAXTER, administrator, *vs.* CHARLES
EDWARD BOURGET.

Norfolk.　February 3, 1942. — May 26, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Practice, Civil,* Discretionary control of evidence, New trial. *Witness,* Cross-examination. *Damages,* For tort.

After the defendant in an action for death against the operator of an automobile had testified as to the occurrence of the fatal accident and that he had pleaded not guilty to a criminal charge of operating the automobile negligently so that the lives and safety of the public might be endangered, but that he had been found guilty and had paid a fine, it was within the discretion of the trial judge, in cross-examination of the defendant, to exclude a question and offer of proof directed to showing that he had "admitted the finding of guilty" of such crime.

No abuse of discretion appeared in an action for causing death in the denial of a motion for a new trial if based on a contention that the damages found by a jury were inadequate.

TORT. Writ in the District Court of Southern Norfolk dated June 26, 1939.

Upon removal to the Superior Court, the action' was referred to an auditor who found for the plaintiff on the count for death in the sum of $2,082. At a trial before *Beaudreau*, J., there was a verdict for the plaintiff on that count in the sum of $1,118.50.

*G. E. Shulman*, for the plaintiff.

*E. J. Campbell*, for the defendant.

QUA, J. This is an action for the conscious suffering and death of the plaintiff's intestate as the result of being struck by an automobile operated by the defendant on West Main Street in Avon on December 9, 1938. There were verdicts for the plaintiff both for conscious suffering and for death. Apparently because of dissatisfaction with the amounts of the verdicts, the plaintiff filed a bill of exceptions.

The plaintiff's first alleged grievance is disclosed in the record from discussions between the judge and counsel which took place on two different days of the trial. Assuming that the plaintiff's contentions were fully preserved by adequate exceptions, they amount only to this: (1) that the judge declined to allow the plaintiff's counsel, in cross-examining the defendant, to ask him the question whether on December 22, 1938, he had "admitted the finding of guilty of the crime of operating an automobile negligently so that the lives and safety of the public might be endangered, on the ninth day of December, 1938, at Avon," and (2) that the judge declined the plaintiff's offer to prove that the defendant "did admit the finding of guilty of the crime aforesaid" and thereafter was found guilty by the District Court of Southern Norfolk and paid a fine of $30. The foregoing is the full extent of the question, the offer, and the exclusion. The plaintiff contends that the excluded evidence might have affected the degree of culpability of the defendant and might have led to a larger verdict on the count for death.

If the question and the offer should be construed as directed toward the inquiry whether the defendant had pleaded guilty or had been found guilty in the District Court, as both the judge and the counsel for the defendant seem to have understood them to be, there was no error, since the defendant testified that he had in fact pleaded not guilty, and he admitted that he had been found guilty by the court and had paid a fine of $30. If the words "admitted the finding of guilty" and "did admit the finding of guilty," as used in the question and in the offer, referred to some subsequent admission supposed to have been made by the defendant that he had been found guilty in the District Court (which would seem to be their literal signification), nothing would have been added to the evidence already in by pursuing that subject, even if such an admission would have been competent, which we do not intimate. But the plaintiff contends, if we understand him rightly, that he meant to ask whether the defendant had not "admitted" in the District Court that he was willing to be found guilty notwithstanding his plea, or whether he had not there "admitted" the truth of facts which must in law result in his being found guilty, and that the plaintiff offered to prove the truth of one or the other of these alternatives (we are not clear which) by further cross-examination of the defendant. Even if this was the plaintiff's true intent in asking his question and in making his offer we are satisfied that there was no error of law in excluding them. We do not doubt that admissions of material facts made by a defendant on the stand in a criminal trial, as well as the fact of a plea of guilty by him, may be competent evidence against him in a later civil trial. *Pickard* v. *Clancy*, 225 Mass. 89, 93. *Commonwealth* v. *Fortier*, 258 Mass. 98. *Dzura* v. *Phillips*, 275 Mass. 283, 289, 290. *Morrissey* v. *Powell*, 304 Mass. 268, 269. But in this case the defendant was on the witness stand and was examined and cross-examined as to the actual occurrences at the time and place of the accident. Under all the circumstances the control which the trial judge must have over the extent and nature of cross-examination left it at least within his discretion to exclude a question so

obscure and so dependent upon the witness's own conclusions both as to the meaning of the question and as to the legal effect of anything he may have said in the District Court as is the question whether he had "admitted the finding of guilty." For the same reason it was within the discretion of the judge to decline to enter upon a line of examination defined only by the indefinite and vague phraseology that it was designed to prove that the defendant "did admit the finding of guilty." *Jennings* v. *Rooney*, 183 Mass. 577, 579. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 258. *Gerber* v. *New York Central Railroad*, 288 Mass. 318, 321. *Hanley Co. Inc.* v. *Whitney*, 279 Mass. 546, 557. See *Blackburn* v. *Boston & Northern Street Railway*, 201 Mass. 186, 189; *Riley* v. *Mills*, 232 Mass. 86; *Commonwealth* v. *Barber*, 261 Mass. 281, 288.

The plaintiff further excepts to the denial of his motion for a new trial. The grounds of the motion do not appear in the record. If inadequacy of the damages was a ground, while the verdicts may seem small, it was well within the discretion of the judge to refuse a new trial. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Murnane* v. *MacDonald*, 294 Mass. 372, 374, 375. *Shockett* v. *Akeson*, 310 Mass. 289, 292.

*Exceptions overruled.*