EDWARD E. COHEN *vs.* ROBERTINE PETERSON
(and a companion case [1]).

Suffolk.    February 6, 1946. — November 1, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS & SPALDING, JJ.

*Practice, Civil,* New trial.

Exceptions to the denial of motions for a new trial of cross actions, on the grounds that damages awarded to the excepting party as plaintiff in one action were inadequate and that a finding for his adversary as plaintiff in the other action was against the law and the evidence and was for an excessive amount, were overruled where no abuse of discretion on the part of the trial judge was shown.

TWO ACTIONS OF CONTRACT.    Writs in the Superior Court dated December 8, 1943, and March 15, 1944, respectively.

The actions were tried together before *Donnelly,* J.

*S. C. Rand,* for Cohen.

*J. B. Abrams,* (*P. D. Epstein* with him,) for Peterson.

DOLAN, J.    The first of these two actions is brought by Mr. Edward E. Cohen, a member of the bar, to recover compensation for legal services alleged to have been rendered to the defendant, Mrs. Robertine Peterson, in connection with the purchase of certain real estate and the furniture and fixtures therein, the securing of mortgages thereon, and certain transactions looking toward the sale of the property. The second action is brought by Mrs. Peterson against Mr. Cohen to recover damages alleged to have been sustained by her as a result of alleged breaches by Mr. Cohen of the fiduciary obligations owed to her by him as her attorney

---

[1] The companion case is by Robertine Peterson against Edward E. Cohen.

in the above described matters. The judge found for Mr. Cohen in the first action in the amount of $500, and for Mrs. Peterson in the second action in the amount of $10,000. The cases come before us on the exceptions of Mr. Cohen to the denial of his motion for a new trial in each case.

The only grounds set forth in the respective motions for new trial that have been argued by Mr. Cohen are, in the first case, that the finding for him in the amount of $500 was inadequate, and, in the second case, that the finding for Mrs. Peterson was against the law and the evidence, and was excessive in amount.

It is settled that it "is only in an extraordinary case revealing an abuse of judicial power, or an excess of jurisdiction or similar error, that the action of the trial court upon a motion for a new trial can be reversed," *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176; that the field of discretion of the trial judge in such matters is very broad; and that it is only in rare instances that it can be ruled that there has been an abuse of discretion. *Bresnahan* v. *Proman,* 312 Mass. 97, 101–102. *Logan* v. *Goward,* 313 Mass. 48, 51–52, and cases cited. And in *Bartley* v. *Phillips,* 317 Mass. 35, 39, 43, it is said in part that "in this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." We discover no such error in the present cases. It cannot be said rightly as matter of law that the evidence did not warrant the judge in finding in the second case that Mrs. Peterson had been damaged in the amount found by him, as a result of the violation by Mr. Cohen of the fiduciary obligations owed to her by him as her attorney. *McLellan* v. *Fuller,* 226 Mass. 374, 377. *Tarr* v. *Vivian,* 272 Mass. 150, 153. *Robertson* v. *Hirsh,* 276 Mass. 452, 453. *Israel* v. *Sommer,* 292 Mass. 113, 123.

The finding for Mr. Cohen in the first action in the amount of $500, for legal services rendered by him to Mrs. Peterson that were not tainted by any breach of his fiduciary obligations in connection therewith, could have been made properly by the judge. *Lydia E. Pinkham Medicine Co.*

v. *Gove*, 303 Mass. 1, 4. It was well within the discretion of the judge to refuse a new trial in that action. *Baxter* v. *Bourget*, 311 Mass. 490, 493. See also *Cerrato* v. *Miller*, 264 Mass. 533, 535.

In each case the entry will be

*Exceptions overruled.*