*Southern District*

**ALLEN EASTMAN**

v.

**ERIC HUIKARI**

*Present*: Nash, P.J., Cox & *Murphy, JJ.

Case tried to *Kupka, J.* in the Fourth District Court of Plymouth, No. 11045.

*Murphy, J.* This is an action of contract under a common count to recover $2,166.00 for cranberries sold and delivered to the plaintiff on *November* 4, 1959.

The answer is a general denial.

The court found for the plaintiff.

All of the evidence introduced in this trial is set out in case No. 11011, *Huikari v. Eastman*, 35 Mass. App. Dec. 95, and such evidence is incorporated be reference in this opinion.

As in the other case, the plaintiff objected to the admission of certain exhibits purporting to show the action of the government with respect to the confiscation of certain cranberries. There was no harmful error in the admission of these exhibits.

In this case the plaintiff seasonably filed a motion for a new trial which reads as follows:

"The plaintiff moves that he be granted a new trial on the ground that the court, in

making its finding, made a mistake or mistakes of law injuriously affecting the rights of the plaintiff; and for the further ground that such finding was against the evidence."

The plaintiff specifies, as to his grounds of complaint, as follows:

"1. There was no evidence as to the seizure of the cranberries for which the plaintiff seeks payment on a warrant or other process issued by a duly constituted court or other authority.

2. There was no evidence that the cranberries, for which the plaintiff seeks payment, were not fit for human consumption.

3. There was no evidence of a chemical analysis of the cranberries, which are the subject matter of the plaintiff's declaration.

4. There is no evidence that the cranberries, which are the subject matter of the subject matter of the plaintiff's declaration, contained any amount of amino-triazole.

5. There is no evidence that the cranberries sold by the plaintiff to the defendant were not of merchantable quality.

6. At the time of the sale of the cranberries, by the plaintiff to the defendant, for which plaintiff seeks payment, such cranberries were good and marketable.

7. The subsequent decree of a governmental agency affecting the marketability of cranberries did not act to avoid the prior completed sale, between the plaintiff and defendant, of the cranberries which are the subject of the plaintiff's declaration.

8. The subsequent decree of a governmental agency affecting the marketability of cranberries cannot be used as a defense in the present action by the plaintiff to recover the sales price under the prior completed sale of cranberries between the plaintiff and the defendant, which berries are the subject of plaintiff's declaration."

At the hearing of said motion for a new trial, the appellant submitted eight requests for rulings which read as follows:

"The plaintiff, in connection with his motion for a new trial, requests this Honorable Court to make as rulings of law, specifications numbered 1 through 8 contained in his motion for new trial, which specifications are incorporated herein by reference."

The court made the following finding on this motion:

"The plaintiff's motion for a new trial does not raise any new questions nor does it present any new evidence relied on as a basis for a new trial, the matters therein contained were fully tried out in court and brought out by evidence.

"The questions raised in this motion are not in accordance with the credible evidence produced at the trial.

"The plaintiff was aware of the dangers in using amino-triazole and had been so informed by the county agriculture agency, yet despite this warning went ahead with the spraying thus contaminating the cranberries.

"The defendant took the plaintiff's cran-

berries for the purposes of selling them in New Jersey, the plaintiff was to be paid when the defendant received his money, but owing to a financial shortage that the plaintiff was in, the defendant paid over certain monies to the plaintiff.

"The plaintiff's cranberries were subsequently seised (sic) and destroyed by order of the United States District Court in New Jersey and because they were not good and marketable as contended by the plaintiff but I find that they were contaminated and not fit for human consumption and the plaintiff knew of this at the time they were delivered to the defendant.

"The plaintiff's contention that a sale had been completed between the parties is not so, I find that the plaintiff was not to be paid unless and/or until the defendant had been paid for said berries.

"There is no credible evidence presented to support the plaintiff's contentions in his motion for a new trial, the motion for a new trial is hereby denied."

The court took no action on these requests.

The plaintiff claims to be aggrieved by the denial of his motion for a new trial and by the court's refusal to act upon his requests for rulings submitted in connection therewith.

There was no error.

Motions for a new trial are addressed to the sound discretion of the trial judge, and they cannot be reviewed unless the record shows abuse of discretion or error of law.

The findings of fact are final. *Nicoli v. Berglund,* 293 Mass. 426; *Restuccia v. Bouner,* 287 Mass. 592 and *Cohen v. Peterson,* 320 Mass. 315.

There is ample evidence in the record before us to justify the denial of all of the requests for rulings filed by the defendant, and although the judge took no action on these requests, this is tantamount to a denial of them. *Sullivan v. Roche,* 257 Mass. 166 and *Bankoff v. Coleman Brothers, Inc.,* 302 Mass. 122.

*The action of the judge in denying the motion for a new trial was proper and an order should be entered dismissing the appeal.*

Allan M. Hale, of Middleboro, for the Plaintiff.

Edward H. Stevens, of Brockton, for the Defendant.