HARRY F. SHOCKETT, administrator *vs.* JOHN ALBERT
AKESON.

SAME *vs.* JOHN T. McDEVITT.

Middlesex.    October 28, 1941. — November 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way, Contributory. *Practice, Civil,*
New trial.

Evidence did not require a finding of contributory negligence on the part
of the operator of an automobile who was entitled to and took the
right of way at an intersection where his automobile was in collision
with a truck.
No abuse of discretion nor error appeared in the denial of a motion for
a new trial based on a contention that damages found by a jury in
an action for causing death were excessive.

Two ACTIONS OF TORT. Writs in the First District Court
of Southern Middlesex dated October 11, 1937.

On removal to the Superior Court, the actions were first
tried together before *F. T. Hammond,* J., when in each
action a verdict was returned for the plaintiff on a count
for causing death in the sum of $5,725. Those verdicts on
that count having been set aside, there was a second trial
before *Donahue,* J., and, in each action, a verdict for the
plaintiff on that count in the sum of $6,038.72.

The cases were submitted on briefs.

*J. P. Donahue,* for the defendants.

*J. P. Driscoll & G. F. Connors,* for the plaintiff.

Cox, J. These two actions of tort, tried together, are
brought by the administrator of the estate of James T.
Shockett to recover damages for the latter's death and con-
scious suffering resulting from the collision, at an intersec-
tion of public ways in the town of Framingham, of an
automobile operated by the intestate and a truck owned
by the defendant Akeson and operated by the defendant
McDevitt, who at the time was acting within the scope of

his employment. There were two trials. The judge at the first trial denied a motion in each case for a directed verdict, subject to the defendants' exceptions, and the jury returned verdicts for the plaintiff on the counts in the declarations for death and for conscious suffering. Thereafter, on motions of the defendants, the verdict on the death count in each case was set aside, the plaintiff having refused to remit a portion thereof in accordance with the orders of the trial judge. The second trial was confined to the question of damages on the death counts. A verdict was returned for the plaintiff in each case, and motions for a new trial were denied subject to the defendants' exceptions.

1. The only contention of the defendants as to the first trial is that the plaintiff's intestate was contributorily negligent as matter of law.

The jury could have found that on a July afternoon the intestate was operating a coach automobile at a speed of about twenty miles an hour in a westerly direction on the right hand side of Lawrence Street, which crosses Grant Street at right angles. The weather was fair and the roads were dry. When the automobile was about twenty or twenty-five feet away from the intersection, it slowed down, and, as it entered the intersection, its speed was about twelve miles an hour. The width of the intersection in the direction the automobile was travelling was thirty-eight feet. When the automobile was about one third of the way into the intersection, the intestate's companion felt the application of the brakes, and, at that time, she saw the truck, driven by the defendant McDevitt, approaching on her left, that is, from the south, in the center of Grant Street and just about entering into the "intersecting line." The truck was travelling at about thirty to thirty-five miles an hour, and went twenty to twenty-five feet before the collision occurred at a point about three or four feet beyond the center line of Grant Street. The width of the intersection in the direction in which the truck was proceeding was thirty-five feet five inches. The automobile travelled about eight or ten feet after the application of

the brakes was felt, and its left front wheel or mudguard came in contact with the truck at a point to the rear of the truck's right front bumper. When the intestate's companion was asked whether the truck changed its course from the time she first saw it until the collision, she replied: "It seemed to come right on." There was no evidence of any other traffic on either street except that an automobile, travelling in an easterly direction on Lawrence Street, passed the automobile driven by the intestate about two hundred feet east of Grant Street. The intestate died about nine o'clock that evening as a result of the injuries he received.

Where a collision occurs between automobiles at an intersection of ways, the question whether there has been negligence on the part of either or both of the operators is generally one of fact. *Brightman* v. *Blanchette*, 307 Mass. 584, 586. From the permissible findings, we are of opinion that the case at bar comes within the general rule and that it was a question of fact for the jury to determine whether the intestate was negligent. It could have been found that the automobile had entered the intersection before the truck. Accordingly, under G. L. (Ter. Ed.) c. 89, § 8, the automobile had the right of way, although this did not absolve the intestate from the obligation of exercising reasonable care to avoid injury to other travellers upon the way. *Avery* v. *R. E. Guerin Trucking Co. Inc.* 304 Mass. 500, 505. The intestate, to a reasonable extent, could rely upon the expectation that the truck operator would observe the law and that he would exercise reasonable care. The only evidence as to what the intestate did came from the other occupant of the automobile, who testified as to the slowing down "caused by . . . [the intestate] taking his foot off the accelerator," that she felt the application of the brakes, and that just as the truck was about entering the intersecting line, the intestate turned his automobile "sort of to the right." The jury could have found, from the testimony of the truck operator, that when he reached the intersection, he slowed down and almost came to a complete stop. It is true that he testified that at that

time he saw "this other automobile" approaching from his right about two hundred or two hundred fifteen feet away, but the jury was not required to believe this. In the circumstances, it cannot be said that the jury could not have found that the intestate justifiably assumed that, having the right of way, he could safely proceed through the intersection. It cannot be said, as matter of law, that the defendants sustained the burden of establishing that the intestate was contributorily negligent.

2. The defendants ask this court to rule, as matter of law, that their motions for a new trial after verdicts on the death counts at the second trial should have been granted. The damages in such cases are to be assessed with reference to the degree of culpability of the wrongdoer, G. L. (Ter. Ed.) c. 229, § 5, subject to limits as to the amount of recovery therein provided. The general rule has been stated repeatedly that the disposition of a motion to set aside a verdict for recognized causes rests in sound judicial discretion. Just as the nature and extent of a plaintiff's injuries are peculiarly questions of fact for a jury, so is the degree of culpability of a wrongdoer. We cannot say, from an examination of the record in the cases at bar, that "no conscientious judge, acting intelligently, could honestly" have acted upon the motions as did the judge in the cases at bar. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348, 349.

It follows that the exceptions in each case are overruled.

*So ordered.*