ALBERT E. BARTLEY *vs.* WILLIAM E. PHILLIPS.

Worcester. February 9, 1944. — September 14, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions, New trial, Judicial discretion, Damages. *Negligence,* Use of way, Contributory. *Damages,* For tort.

The judge presiding at the trial of an action for personal injuries sustained when the plaintiff was struck by an automobile operated by the defendant could not be required to rule as to the possible legal consequences of the speed of the automobile where that was only one of several elements of the defendant's alleged negligent conduct.

A request for a ruling which assumes a disputed fact as to which the evidence is conflicting properly may be refused.

In an action for personal injuries sustained when the plaintiff was struck by an automobile while crossing a street three hundred feet from an intersection where there were traffic lights which he could have operated by a button to stop vehicular traffic, it was proper to refuse rulings requested by the defendant that the plaintiff's failure to cross the street "in accordance with the traffic control lighting system" and "at the intersection . . . by use of the pedestrian traffic control lights" was negligence on his part.

Discussion by LUMMUS, J., of the rules of law governing the determination of the question whether damages awarded by a jury or by a judge without a jury were so excessive or so inadequate that the award ought not to stand.

Action by a trial judge permitting an award of damages for personal injuries to stand cannot be reversed by this court on the ground that the award was excessive or inadequate unless the judge's action was an abuse of discretion in the sense that it was judicial action that no conscientious judge, acting intelligently, could have taken honestly.

A refusal by a judge of a District Court to grant a new trial of an action for personal injuries sustained by a man sixty-four years of age when he was struck by an automobile, sought on the ground that an award of damages in the sum of $21,000 was excessive, could not be said to be an abuse of discretion where at the trial eleven months after the injury there was evidence of a bad compound comminuted fracture of the bones of the leg causing shock and pain and requiring an operation, extended hospitalization and possibly a further operation, and of uncertainty as to ultimate union of the bones.

TORT. Writ in the Central District Court of Worcester dated January 14, 1942.

The case was heard by *Mahoney*, J.

*B. C. Tashjian*, for the defendant.

*C. M. Burwick*, for the plaintiff.

LUMMUS, J.   The plaintiff, a pedestrian, was injured when struck by an automobile operated by the defendant in Oxford on December 26, 1941, at half past five in the afternoon, when it was dusk.   A judge in a District Court found for the plaintiff, and assessed damages in the sum of $21,000.   The Appellate Division dismissed a report, and the defendant appealed.   The points argued are (1) the refusal of certain requested rulings presented by the defendant relating to the defendant's alleged negligence, (2) the refusal of other such requested rulings relating to the plaintiff's alleged contributory negligence, and (3) the denial of the defendant's motion for a new trial because of alleged excessive damages.

The roadway was thirty-eight and one half feet wide, with shoulders on each side of from five to seven feet.   The surface was of macadam.   The area was fairly well lighted, in large part by "flood lights" at a restaurant and a lunch cart on the northerly side of the road from one hundred thirty-seven feet to one hundred fifty-four feet east of the place of the injury.   There was also a street light only six feet away.   The weather was fair, the road dry, and the visibility good.

The defendant was travelling westerly, at a speed of thirty miles an hour.   His attention was attracted to an unknown man on the right or northerly side of the road who was described as a "hitch hiker."   He first saw the plaintiff, who was near the "hitch hiker," only when within fifteen feet of him, and then too late he turned a little to the left in the attempt to avoid hitting the plaintiff.   He did not sound his horn.   The right front of the automobile struck the plaintiff.   The plaintiff, dressed in dark clothes, was crossing the road from the southerly side to the northerly side.   He had started at a time when all traffic was stopped by traffic lights, and had reached a point about five feet from the northerly edge of the highway when he saw the defendant's automobile coming about seventy-five

feet away. He took one or two more steps, and then was struck. The judge found that the defendant "was not observing carefully the road ahead," and that if he had been he would have seen the plaintiff, who was "plainly visible to an ordinary and prudent motor vehicle operator." He found that the plaintiff's injury was caused by the defendant's negligence. The foregoing findings were warranted by the evidence.

1. The judge was right in refusing a requested ruling that the defendant was not shown to be negligent. The defendant's request numbered 17 was as follows: "The operation by the defendant of a motor vehicle on the highway at a speed of twenty-five to thirty miles an hour under the circumstances existing in this action does not warrant a finding that the defendant was negligent." The speed was only one of the elements of the defendant's conduct. The judge was not required to rule as to the possible legal consequences of the speed considered as a specific act of alleged negligence. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50, et seq. Incidentally the request somewhat minimized the speed as found by the judge, and substantially minimized the speed as shown by some of the evidence.

2. The defendant's requested ruling numbered 1 was that "on all the evidence, the plaintiff was not in the exercise of due care." The defendant requested more particular rulings on the subject, to the effect that the plaintiff's "failure to look carefully in both directions before proceeding on the highway" was negligent (request 3), that his failure to cross the road "in accordance with the traffic control lighting system then in operation" was negligent (request 19), and that his failure to cross the road "at the intersection of Leicester Street by use of the pedestrian traffic control lights" was negligent (request 20).

Request numbered 3 was not based upon any fact admitted or found. The plaintiff testified that before starting to cross the road he "looked up and down the road" and "saw no cars coming," that while crossing he was "always looking up and down the road to see if anything was com-

ing," that "when he got to the center of the road he looked to the left and right up and down the road and saw nothing coming," and that after that he "continued looking left and right and saw nothing coming." The request was ineffective because it assumed a disputed fact. *Liberatore* v. *Framingham*, 315 Mass. 538, 543. The judge found that "the plaintiff looked carefully in both directions before proceeding on the highway."

There was evidence that about three hundred feet easterly from the place where the plaintiff crossed the road, at the corner of Leicester Street, there was a pole on which there was a button that could be operated by a pedestrian wishing to cross the road. Pressing the button would cause red and amber lights to show, halting all vehicular traffic while the pedestrian crossed the road. Before starting to cross the road the plaintiff had passed that pole. He did not use the button. His failure to do so was not negligence as matter of law. His conduct was to be considered as a whole, and compared with that of the standard man of ordinary prudence under similar circumstances. Even though there was a safer course than the one that he adopted, it does not follow as matter of law that the course that he adopted was negligent. It was only ordinary care for his own safety that he owed to the defendant. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 49, 50. The judge found that "the accident did not occur at the intersection of the . . . [road] and Leicester Street, or at a place where traffic was controlled by lights," and that "the plaintiff had a right to cross the highway where he did cross." The judge was right in refusing the requested instructions numbered 19 and 20. We think, too, that he was right in refusing the more general requested ruling numbered 1.

3. The only other point argued by the defendant is that there was error in denying his motion for a new trial because of excessive damages. The evidence relating to damages tended to establish the following facts. The plaintiff was a widower, sixty-four years old. Besides a superficial injury to the hand and shoulder, he suffered a bad compound comminuted fracture of the fibula and tibia of the right leg,

permitting rotation of the foot. He suffered from shock, and the injury was painful. He had to be operated on under a general anæsthetic, and the bones had to be fastened together by a metallic plate and screws. His leg was in a plaster cast for months. He remained in bed about two months, and at the hospital more than eight months. When he left the hospital, the fibula was healed, but there was no union in the tibia even at the time of the trial in November, 1942. Whether there will be union is uncertain, especially in view of the plaintiff's age, but the chances somewhat favor ultimate union. If union comes it will not come before a year and a half or two years after the injury, and even then the plaintiff could not walk without crutches for a year longer. Not unlikely another operation may be necessary. There will always be danger of another fall, another fracture, and another operation. The plaintiff worked for $12 a week and his meals, which were worth $10 a week. There was testimony that his medical expenses were as much as $1,500.

By G. L. (Ter. Ed.) c. 231, § 129, which does not apply to District Courts (§§ 141, 143), motions for new trials in actions tried without jury, may be filed as of right only when sought "for a mistake of law or for newly discovered evidence." *O'Grady* v. *Supple*, 148 Mass. 522. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Graustein, petitioner,* 305 Mass. 571. But a judge may grant a new trial in cases where a motion therefor could not be made as of right. *McKinley* v. *Warren*, 218 Mass. 310, 311, 312. *Lariviere* v. *Boucher*, 297 Mass. 27, 29. The motion in this case asked the judge to review and revise a matter that he had just considered and decided. A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. *Peterson* v. *Hopson*, 306 Mass. 597, 599–603. The bare denial of the motion in this case does not indicate that the judge entertained it on its merits. *Peterson* v. *Hopson*, 306 Mass. 597, 602. *Commonwealth* v. *Venuti*, 315 Mass. 255, 261, 262.

But since we think the defendant cannot prevail on the merits of the question raised, we need not decide whether

a motion for a new trial is nevertheless the appropriate remedy where a party is surprised by an outrageous award of damages in an action tried without jury, or whether exception or claim of report may be taken at once without any such motion. And we need not decide whether, if the latter is the appropriate remedy, the claim of report from the denial of the motion in this case may be treated as the equivalent of a claim of report from the award of damages itself.

The question of law, whether raised in one way or the other, would be the same, namely, whether the award of damages is so erroneous that as matter of law it ought not to stand. That question is in substance the same question that arises upon exceptions to the denial of a motion for a new trial on the ground of excessive or inadequate damages after a verdict of a jury. The law has been developed for the most part in jury cases, and has been stated in terms applicable to jury verdicts. But the question is the same in actions tried without jury, where the legal validity of an allegedly excessive or inadequate award of damages is brought before this court upon a report from a District Court or upon exceptions from the Superior Court.

Attempts have been made to state the rule of law that should govern a judge in dealing with a motion for a new trial on the ground of excessive or inadequate damages where, as in the present case, the damages, for the most part, are incapable of computation, but depend upon the judgment of the fact-finding tribunal in appraising suffering and deprivation and translating them into a compensatory sum. *Worster* v. *Proprietors of the Canal Bridge,* 16 Pick. 541, 547. *Treanor* v. *Donahoe,* 9 Cush. 228, 229, 230. In principle, excessive or inadequate damages constitute one form of a verdict contrary to the weight of the evidence. Clearly a judge has no right to set aside a verdict merely because he himself would have assessed the damages in a different amount. *Coffin* v. *Coffin,* 4 Mass. 1, 41–43. *Clark* v. *Binney,* 2 Pick. 113, 119, et seq. *Worster* v. *Proprietors of the Canal Bridge,* 16 Pick. 541, 547. *Cunningham* v. *Magoun,* 18 Pick. 13, 15. *Treanor* v. *Donahoe,* 9 Cush. 228, 232. See also *Reeve* v. *Dennett,* 137 Mass. 315, 318; *Fournier* v. *Holyoke*

*Street Railway,* 258 Mass. 257, 262; *Logan* v. *Goward,* 313 Mass. 48, 51.

The circumstances that will justify the granting of a new trial on the ground of excessive or inadequate damages have been variously stated. One statement is, "When the damages are so great [or so small, *Lufkin* v. *Hitchcock,* 194 Mass. 231, 235; *Simmons* v. *Fish,* 210 Mass. 563; *Macchiaroli* v. *Howell,* 294 Mass. 144; *Murnane* v. *MacDonald,* 294 Mass. 372], that it may be reasonably presumed that the jury, in assessing them, did not exercise a sound discretion, but were influenced by passion, partiality, prejudice or corruption." *Coffin* v. *Coffin,* 4 Mass. 1, 43. *Clark* v. *Binney,* 2 Pick. 113. *Shute* v. *Barrett,* 7 Pick. 82, 86. *Raymond* v. *Lowell,* 6 Cush. 524, 537. *Downey* v. *Union Trust Co.* 312 Mass. 405, 419. Somewhat similar is the rule laid down for granting a new trial because contrary to the weight of the evidence in general, namely, that the verdict must be "so greatly against the weight of the evidence as to induce in his [the judge's] mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice." *Scannell* v. *Boston Elevated Railway,* 208 Mass. 513, 514. *Edwards* v. *Willey,* 218 Mass. 363, 366. *Tildsley* v. *Boston Elevated Railway,* 224 Mass. 117, 119. *Nagle* v. *Driver,* 256 Mass. 537, 539.

But the rule may equally well be stated more briefly. The "fundamental test" is "that such motions ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result." *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 22, 23. That test is applicable in both civil and criminal cases. *Commonwealth* v. *Devereaux,* 257 Mass. 391, 395. Where the ground of the motion is excessive or inadequate damages, it has been said that a new trial should be granted when the amount of the damages is "greatly disproportionate to the injury proved." *Bodwell* v. *Osgood,* 3 Pick. 379, 385. *Sampson* v. *Smith,* 15 Mass. 365, 367. *Treanor* v. *Donahoe,* 9 Cush. 228, 231.

In a multitude of cases it has been said that the decision

of the question whether a new trial should be granted for excessive or inadequate damages, or for other reasons, is within the "discretion" of the trial judge. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348. *Baxter* v. *Bourget,* 311 Mass. 490, 493. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 465. *Perry* v. *Manufacturers National Bank,* 315 Mass. 653, 656. "Discretion" in this connection does not mean wilful or arbitrary decision. The "discretion" meant is "judicial discretion," which "imports the invocation by a clear and trained mind of reason, courage, impartiality and conscience to accomplish in a calm spirit a result in conformity to law and just and equitable to all parties." *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83. *Commonwealth* v. *Gallo,* 275 Mass. 320, 328. *Russell* v. *Foley,* 278 Mass. 145, 148. In essence the exercise of discretion upon a motion for a new trial because of excessive or inadequate damages is the decision of a question of fact. *Long* v. *George,* 296 Mass. 574, 578, and cases cited. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349. If the test be accepted that a new trial should be granted because of an award of damages "greatly disproportionate to the injury proved," the question whether such disproportion exists is one of fact, and none the less because the comparison, as in negligence, reasonableness, and other instances in the law, must be made by the use of a standard that itself involves judgment.

Appellate review in law cases is ordinarily limited to questions of law. The right to "request" or "claim" a report from a judge of a District Court to the Appellate Division is given only to a "party . . . aggrieved by any ruling on a matter of law," and the right of a judge voluntarily to report a case to the Appellate Division is limited to a case "in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only." G. L. (Ter. Ed.) c. 231, § 108. There can be no such review of a question of fact or discretion. *MacDonald* v. *Adamian,* 294 Mass. 187, 190. *Dolham* v. *Peterson,* 297 Mass. 479, 481. *Santosuosso* v. *DellaRusso,* 300 Mass. 247, 249, 250. *Palma* v. *Racz,* 302 Mass. 249, 250. *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712. *Perry*

v. *Hanover,* 314 Mass. 167, 169. Likewise in other courts exceptions are limited by statute to an "opinion, ruling, direction or judgment . . . rendered upon any matter of law." G. L. (Ter. Ed.) c. 231, § 113. Consequently exceptions do not raise questions of fact (*Flint* v. *Codman,* 247 Mass. 463, 468; *Sreda* v. *Kessel,* 310 Mass. 588) or of discretion. *Commonwealth* v. *Donovan,* 99 Mass. 425. *Peterson* v. *Cadogan,* 313 Mass. 133, 134. *Matter of Loeb,* 315 Mass. 191, 198. The exceptional instances in which in an action at law an appellate court may deal with questions other than those of law, noted in *Matter of Loeb,* 315 Mass. 191, 197, have no application to the present case.

Of course a judge may be reversed for an erroneous ruling of law made upon a motion for a new trial. For example, he may rule wrongly that he has no power to allow it. *Long* v. *George,* 296 Mass. 574, 578. *Peterson* v. *Cadogan,* 313 Mass. 133. And by requests for rulings a party may require a judge to lay down correct rules of law for his own guidance in dealing with such a motion. *Long* v. *George,* 296 Mass. 574, 578. In the present case there was no express ruling, and no such request to rule as there was in *Kinnear* v. *General Mills, Inc.* 308 Mass. 344. The record shows merely a denial of the motion, and a request for a report.

In this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law. *Long* v. *George,* 296 Mass. 574, 578, 579. *Golba* v. *Gajewski,* 301 Mass. 328. *Palma* v. *Racz,* 302 Mass. 249. *Bresnahan* v. *Proman,* 312 Mass. 97, 101, 102. *De Luca* v. *Boston Elevated Railway,* 312 Mass. 495, 497. *Matter of Loeb,* 315 Mass. 191, 198. *Perry* v. *Manufacturers National Bank,* 315 Mass. 653, 656. See also *Graustein, petitioner,* 305 Mass. 571. An "abuse of discretion" consists of judicial action "that no conscientious judge, acting intelligently, could honestly have taken." *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 502. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349. *Shockett* v. *Akeson,* 310 Mass. 289, 292. The exercise of discretion,

where discretion exists, is not subject to appellate review on a report from a District Court or on exceptions. Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised. See *Hillyer* v. *Dickinson,* 154 Mass. 502; *Le Baron* v. *Old Colony Street Railway,* 197 Mass. 289, 291, 292. "The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to error of law." *Bresnahan* v. *Proman,* 312 Mass. 97, 101, 102. *Logan* v. *Goward,* 313 Mass. 48, 51, 52. See also *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83.

In our opinion it cannot be said that the award of damages or the act of the judge in permitting it to stand was an abuse of discretion constituting error of law. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344. *Shaw* v. *Boston & Worcester Railroad,* 8 Gray, 45. Decisions in jurisdictions in which appellate courts exercise greater control over the amounts awarded as damages than is permitted by the law of this Commonwealth are not in point.

*Order dismissing report affirmed.*