## Northern District

### No. 4590

### EDITH M. DONLEY

#### v.

### RALPH H. HAMMOND
### THE PROPRIETORS OF
### CEDAR GROVE CEMETERY,
### FRANCIS W. MORRISSEY et al,
#### d/b/a Morrissey Brothers

*Cavan, J.* At a prior hearing of the above case, on report, before this Division, it was decided that the denial of three requests for rulings of law, relating to damages, was prejudicial error, and it was ordered, "New Trial on damages only, after which the case is to be returned to the Appellate Division for appropriate order."

The action is one of tort, for trespass and wrongful entry of the plaintiff's premises.

In March 1944, the husband of the plaintiff died, and was buried in her lot in Cedar Grove Cemetery. December 4, 1950, the plaintiff learned that her deceased mother-in-law had been buried in said lot, on or about April 8, 1950. She had not given permission for such burial, and she demanded that the defendants, the superintendent of the cemetery, Ralph H. Hammond, The Proprietors of Cedar Grove Cemetery, and Francis W. Morrissey and Leo J. Morrissey, the undertakers, remove the body of the mother-in-law.

The body of the mother-in-law was removed from said lot January 2, 1951, without expense to the plaintiff.

In the first trial, a finding was made for the plaintiff in the sum of one dollar against each of the defendants.

The judge found for the plaintiff in the second trial, in the sum of twenty-five dollars against each of the defendants.

The plaintiff claims to be aggrieved by the inadequacy of damages awarded her in the second trial.

There was evidence tending to show that, from the time the plaintiff learned of the burial of her mother-in-law, December 4, 1950, until the removal of the body, January 2, 1951, she lost two days and one hour from her employment, in an endeavor to have the body removed; that her salary was about sixty dollars a week, and that the entire affair was a severe shock to her nerves.

"The discretion of the judge or jury determines the amount of recovery, the only standard being such an amount as a reasonable person would estimate as fair compensation," Restatement. Torts, §912 b.

An award of damages must stand unless an abuse of discretion amounting to an error of law, is found. *Bartley v. Phillips,* 317 Mass. 35, 43, 44. An "abuse of discretion" consists of judicial action, "that no conscientious judge, acting intelligently, could honestly have taken." *Davis v. Boston El. Ry.,* 235 Mass. 482, 502; *Kinnear v. General Mills Inc.,* 308 Mass. 344, 399; *Shockett v. Akeson,* 310 Mass. 289, 292.

"The exercise of discretion, where discretion exists, is not subject to appellate review on a report from a District Court or on exceptions. Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised." *Bartley v. Phillips,* 317 Mass. 35, 43.

The award of damages made by the trial judge was not an abuse of discretion constituting error of law.                    *Report dismissed.*