*Northern District*

No. 6129

CONGRESS TAXI ASSOCIATION, INC.

and

RICHARD J. BELL

v.

THOMAS W. REED

*Present*: Brooks, P. J., Yesley & Durkin, JJ.

Case tried to *McKenney, J.* in the Municipal Court of Roxbury District. No. 37718.

*Brooks, P. J.* This is an action of tort for property damage and personal injuries. The declaration is in two counts.

1. That as a result of the negligent operation of a motor vehicle by the defendant on Seaver Street near Harold Street in the vicinity of Boston on or about May 9, 1964 a motor vehicle owned by the plaintiff Congress Taxi Association suffered property damage.

2. That as a result of the negligent operation of the motor vehicle by the defendant on Seaver Street near Harold Street in the vicinity of Boston on or about April 9, 1964 the plaintiff Richard J. Bell sustained personal injuries.

Defendant answers general denial, contributory negligence, statute of limitations and lack of agency.

Plaintiffs filed interrogatories to defendant and defendant filed interrogatories to plaintiffs. On *February* 17, 1965 defendant was defaulted by both plaintiffs under Rule 13 of the Rules of Municipal Court of the City of Boston.

On *March* 15, 1965 defendant's motion to remove default and to extend time to answer interrogatories was assented to by plaintiff's attorney and filed with the clerk of the Municipal Court of the Roxbury District. Further extensions of time for filing defendant's answers to plaintiffs' interrogatories were assented to by counsel and allowed by the court to *April* 2, *May* 11, *and June* 4, 1965. [The answers were not filed]. On *June* 4 plaintiffs' attorney sent notice to defendant's attorney that he intended to mark the matter

up for hearing on assessment of damages on *June* 15, 1965.

When the case was called defendant's attorney *orally* moved to remove the default and to file answers to plaintiffs' interrogatories late. After hearing counsel for defendant explained the lack of cooperation on the part of defendant, the court denied defendant's motion and ordered the matter to be heard on the assessment of damages. No written motion was filed by counsel for defendant.

Defendant excepted to the court's denial of the motion to remove the default and the court noted his "exception" stating, "for what it was worth."

The court found for plaintiff on both counts.

Defendant claims to be aggrieved by the denial of his motion to remove the default "and to file answers to plaintiffs' interrogatories late."

The issue before us is very narrow. It is not unreasonable to infer that the several requests for continuances were due to counsel's difficulty in procuring answers to interrogatories. The question is whether it was an abuse of discretion for the judge, on the facts stated, finally to deny defendant's motion.

■ Rule 22 of the Rules of the District Courts states as follows, paragraph 1:

"Motions must be in writing and filed before being heard or placed upon a list for hearing unless otherwise ordered by the court."

The fourth paragraph of Rule 22 is as follows:

"The court need not hear any motion or opposition thereto grounded on facts unless the facts are verified by affidavit or are apparent on the record and files or are agreed to and stated in writing, signed by attorneys for the parties interested."

There was here no written motion in compliance with Rule 22.

■ It could also be reasonably inferred that the court considered that four continuances in order to enable defendant's counsel to obtain signature to answers to the interrogatories was sufficient indulgence, wherefor he denied the motion to remove default. We are not prepared to say that in doing so he was guilty of an abuse of discretion.

Perhaps the best discussion of abuse of discretion and allied subjects is contained in Justice Lummus' opinion in *Bartley v. Pillips,* 317 Mass. 35 at page 43-44:

"In this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law. (Citations) An 'abuse of discretion' consists of judicial action 'that no conscientious judge, acting intelligently, could honestly have taken.' The exercise of discretion, where discretion exists, is not subject to appellate review on a report from a district court or on exceptions. Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty

can the result be revised. (Citations) 'The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to error of law.' "

In the later case of *Hartman v. Herald-Traveler Corporation,* 323 Mass. 56, referring to *Bartley* and *Phillips* and the general subject of abuse of discretion, it is said at page 60:

"We can find abuse of discretion by the trial judge only by deciding 'that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.' (Citations) Abuse of discretion in granting or refusing a new trial can so seldom be found that actual instances in which this court has set aside the action of the trial judge on that ground are almost nonexistent, and it has repeatedly been stated that occasions when this court can do so are exceedingly rare. (Citations) Such is the burden which the plaintiff must carry in this case."

See also *Kohler v. Duggan,* 346 Mass. 270, 274.

While the above cases relate to motions for a new trial, the same general principle applies where the motion is to remove the default.

In view of our conclusion it is unnecessary to discuss plaintiff's further point that the motion was not technically before the court.

Philip T. Corwin for the Plaintiff.

Thomas M. Sullivan for the Defendant.