*Southern District*
No. 3376.

## NATHAN BARASH, BERNICE BARASH

### v.

## OTIS MATTHEW

Argued: Jan. 24, 1968. Decided: April 15, 1968.

*Present:* Nash, C. J. ,Cox, Murphy, J. J.

Case tried to *Horrocks, J.* in the Third District Court of Bristol, No. 3376

*Murphy, J.* This is an action of tort remanded from the Superior Court in which the plaintiff, Nathan Barash, seeks to recover for property damage to his automobile, and the plaintiff, Bernice Barash, seeks to recover for personal injuries as a result of an automobile accident on Blue Hill Avenue, Dorchester, on December 13, 1964.

The declaration contains two counts, count one for property damage and count two for injuries. The defendant answered by way of general denial, assumption of risk, contributory

negligence, statute of limitations and violation of law by the plaintiffs.

The report discloses that at the first trial on February 2, 1967, there was evidence which tended to show that the plaintiff, Nathan Barash, was operating his automobile on Blue Hill Avenue returning to New Bedford and while driving in the middle lane, heard a passing car strike his automobile in the rear. He described the car as being black in the style of a hearse but could not distinguish whether or not the operator was a man or a woman. The car which passed him made a turn two blocks later and did not stop. The damage in fair market value to his automobile was $48.80. He was not injured.

There was evidence from a passenger, Bernice Barash, that she was seated in the rear of the auto and upon contact she struck her shoulder against the door and copied on a piece of paper the registration of the passing vehicle as being G43-313. She did not recall the color of the registration plate. She was unable to state whether a man or woman was operating the other vehicle. She did see a woman with a child on her lap in the passing vehicle.

There was further evidence from another passenger, Mrs. Olivera, who was seated in the rear of the plaintiff's vehicle, that she felt a contact and observed a black car which looked like a hearse pass on the left side. She could

not see the operator. She saw only a female passenger as the vehicle passed.

At the close of the evidence, both sides rested.

The plaintiff then moved for leave to reopen his case to call the defendant to the stand.

At this point, without ruling on the plaintiff's motion, and before final argument from either side or opportunity for the defendant to submit his request for rulings, the court declared a recess and called counsel into his chambers.

Thereafter, without reconvening, the court found for the plaintiffs; whereupon the defendant immediately moved for a new trial, mainly on the ground that there had been no identification of the defendant, and further because the court had given him no opportunity to present his request for rulings or to argue.

The court allowed this motion with the understanding that the plaintiff would have the opportunity to call the defendant to the stand and with the further understanding that he (the judge) would adopt all of the previous testimony in the first trial as evidence in the second trial.

At the second trial on June 6, 1967, the plaintiff called the defendant to the stand, and he testified he did own a black hearse at the time but had no present memory of what his registration number was on the day of the alleged accident.

There was no further evidence introduced at the second trial identifying the defendant as

the operator or registered owner of the vehicle alleged to have caused the accident.

At the close of this evidence, both sides rested, and the defendant submitted ten requests for rulings, all of which were allowed by the court. All of these requests have to do with the lack of identity of the defendant as owner or operator. On June 7, 1967, the court found for the defendant on all counts.

The plaintiff then filed a motion for a new trial limited to three grounds: that the verdict (1) was against the evidence, (2) against the weight of the evidence, (3) against the law and the evidence.

At the hearing on the motion, the court asked plaintiff's counsel why he had not introduced a certified copy of registration G43-313, and counsel informed the court he was unable to obtain one.

The court allowed plaintiff's motion without specifying on which ground he acted, ordering the new trial to be heard by any judge but himself.

The defendant is aggrieved by the granting of a third trial, contending the allowance of plaintiff's motion for a new trial on any of the grounds requested, constitutes exceeding the authority of the court and is contrary to the court's earlier rulings on defendant's request for rulings. The defendant further contends there was no basis in law or on the evidence for the court to grant a third trial in view of plain-

tiff's failure to identify the defendant as the operator or owner of the unknown vehicle, and because no claim or allegation was made by the plaintiff of newly discovered evidence; wherefore, the matter is reported to the Appellate Division for determination.

Rule 26 of District Court Rules, Massachusetts, effective January 1, 1965 reads in part as follows:

"A new trial may be granted on motion at any time before final judgment, for newly discovered evidence, or for mistake of law injuriously affecting the substantial rights of the moving party." A new trial may be granted by the judge of his own motion any time before final judgment, "if deemed necessary to prevent a failure of justice."

The record does not disclose any newly discovered evidence, nor does it disclose any mistake of law. The only real evidence disclosed by this record that could possibly warrant the granting of a new trial is the fact that counsel did not introduce a certificate of the registration of the motor vehicle in question to prove ownership, and the reason given for this failure to produce it was that "he could not obtain one"; there was no other explanation. The rule as to the granting of a new trial was aptly stated by Lummus, J. in *Bartley* v. *Phillips*, 317 Mass. 35 when he said, "The 'fundamental test' is that such motions ought not to be

granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result.'' Citing *Davis* v. *Boston Elevated Railway,* 235 Mass. 482.

We do not perceive any failure of justice here that requires a new trial. The case has already been tried twice. In the first instance, there was a finding for the plaintiff. The defendant made a motion for a new trial which was granted, and after trial the judge made a finding for the defendant. We now have before us a motion by the plaintiff for a new trial. Ordinarily, whether or not a new trial should be granted is discretionary with the judge under the rule; however, there must be some limitation in the exercise of this discretion, otherwise, litigation would be endless. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482.

In the instant case, there is no newly discovered evidence alleged in the motion; there is no mistake at law, and obviously the finding cannot be said to be against the weight of the evidence. There have already been two trials on what appears to be a very simple issue of fact.

We are constrained to rule under all the circumstances in this case, that it was prejudicial error to grant a new or third trial on this same issue of fact.

The action of the judge in ordering a new

trial is to be **reversed,** and the finding for the defendant is to stand.

SHELDON FRIEDLAND,

of New Bedford, for the Plaintiff.

HENNEBERRY & FORTE,

of New Bedford, for the Defendant.