*Southern District*

**GRACE H. GURNEY, ET AL**

**v.**

**McINTIRES DAIRY, INC. and PAUL GIAMPEROLI**

Argued: Sept. 7, 1972 - Decided: Oct. 20, 1972

*Present:* Murphy, P.J. Covett, J., Rider, J.
Case tried to *White, J.* in the District Court of
Brocton, No. 38573.

**Murphy, P.J.** This is an action of tort commenced by writ dated November 13, 1968, returnable to the Brockton District Court on De-

cember 16, 1968. The action is in four counts for personal injuries and consequential damages.

The answer of the defendants is general denials, contributory negligence, denial of agency, illegal registration of plaintiff's motor vehicle, violation of law contributing to the accident, denial of public way and the statute of limitations.

. This case was tried on May 28, 1970 and the presiding justice took the case under advisement on that date.

On June 17, 1971, a finding was made for the defendants.

On June 18, 1971, the plaintiffs filed a motion for a new trial alleging:

"1.  The verdict is against the weight of the evidence.

2.  The verdict is against the evidence.

3.  The Plaintiffs were greatly prejudiced by the undue delay in rendering the verdict.

4.  The case was tried on May 28, 1970, and the [finding] entered on June 17, 1971, and delay was unwarranted, prejudicial and detrimental to the interests of justice.

5.  Fundamental fairness requires a retrial of this case as a matter of law."

. On July 27, 1971, after hearing arguments, the plaintiffs' motion for a new trial was denied.

The trial judge made no special findings of fact and no requests for rulings were filed in the original case, nor in [connection with] the plaintiffs' motion for a new trial.

■. The granting or denial of a motion for a new trial, ordinarily, is purely a matter of discretion, and since no requests for rulings of law were filed, this appeal could be dismissed on that ground alone. However, since it is a matter of some import, we prefer to discuss it briefly. *Bartley* v. *Phillips,* 317 Mass. 35.

The sole question is whether the failure of the trial judge to render a decision for over a year is an abuse of discretion amounting to error of law.

■ Obviously, there is nothing in the record before us concerning the merits of the case upon which we could predicate a decision that such delay amounts to an abuse of discretion.

■ Abuse of discretion has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken. *Wilfred W. Davis* v. *Boston Elevated Railway Company,* 235 Mass. 482 and cases cited. Only in rare cases can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bresnahan* v. *Proman,* 312 Mass. 97. We do not think this is one of those rare cases referred to above. *Daddario* v. *Gloucester,* 329 Mass. 297-301.

■ Therefore, since there is no question

of abuse of discretion raised on the merits of the case, the only other issue is whether or not delay in redering a decision, in and of itself, in an abuse of discretion. We fail to see how it can be so construed without more. *Bartley* v. *Phillips,* cited supra and cases cited. We are not aware of any case that substantiates this proposition and none has been brought to our attention.

While lengthy delays in the filing of decisions is not to be condoned, we see nothing in the record before us to justify this court in reversing the action of the trial judge.

While it may be true that Rule 68 of the District Court Rules, as amended,* has no teeth in it does not give this Division any authority to, nor does it present any valid question upon which we could, remand the case or reverse the decision of the trial judge. The

---

* "Rule 68 — Prompt Decision of Cases Tried
Each clerk of a district court shall report:
  (1) To the justice of such court on the 45th day after the completion of the trial or hearings in every civil case and after the completion of the hearing on any interlocutory matters, including a motion for new trial where a decision has not then been rendered, and
  (2) To the chief justice of the district courts on the 60th day after such completion all such cases and matters as have not been previously decided or disposed of. Such report shall contain the name and number of each such case, the name of the justice, the nature of the matter undecided and the date of the completion of the trial or hearing."

grounds for so doing would obviously be based on surmise and/or conjecture.

**The report is to be dismissed. So ordered.**

MELVIN S. LOUISON
  for the Plaintiffs

S. M. O'GORMAN
  for the Defendants