Turcotte, P.J.
The plaintiff seeks the return of a deposit of $10,000 paid in connection with an agreement to purchase a towing business. On July 1,1986the parties executed a written contract; the deposit was paid and the closing scheduled for August 29,1986. *183 The contract provided that if the defendant was “unable to give good title at the time of closing or after a reasonable extension thereof or if the DPU licenses are not allowed, then the deposit shall be returned. The closing was extended by agreement to September 29,1986. On that day the plaintiffwas unable to give good tide or transfer the DPU licenses and the plaintiff demanded the return of the $10,000 deposit
The Trial Justice made the following finding: “Upon a consideration of the totality of the evidence, I find and conclude that the defendant did not comport with the time and performance requirements contemplated by the agreement (including reasonable extensions); that the plaintiff made appropriate and timely demands to close the agreement forthwith or for the return of his deposit, which demands were unavailing, and that, accordingly, the plaintiff is entitled to the return of his deposit”. The defendant thereafter moved pursuant to Dist/Mun. Cts. R. Civ. P., Rule 59 (a) to amend judgment or in the alternative for a new trial. The defendant now asks us to find that the judge erred in denying this motion, in allowing his requests for rulings 1,3 and 4, and failing to make specific findings of fact in regard to them.[1]
The DisL/Mun. Cts. R. Civ. P., Rule 52 provides in part that, “in all actions tried upon the facts without a jury, the court may find the facts specially and state separately its conclusions of law.” The rule makes it discretionary and does not require the trial justice to make findings of fact. Rule 64 provides in part however, “Whenever any request for rulings, founded upon evidence, shall be refused (emphasis added) upon the ground that it is inconsistentwith or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does notfind, upon which such refusal is based, unless the same appear from special findings filed.” The court here fully complied with this latter rule when the judge made his findings above, and he properly allowed the requested rulings which were based on assumed facts he did not find. Put in another way, he allowed the requests as correct statements of law, but pointed out that they were inapplicable to the facts he did find.
Finally, the allowance of a request for an amendment of the judgment and a request for a new trial are discretionary. The defendant makes no claim of an abuse of discretion. Bartley v. Phillips, 317 Mass. 35, 41, 42 (1944).
Report Dismissed.

 Action of Court on defendants Request for Rulings of Law 1,3, and 4 was as to each request “allowed but I do not so find.”