Brennan, J.
This is an action in contract in which James Arace (hereinafter, the plaintiff) filed a claim for damages to leased property allegedly caused by Coca-Cola Bottling Company of Northampton (hereinafter, the defendant). The defendant has denied breach of contract and has brought a counterclaim for damages for money spent making repairs to the leased property during the term of the tenancy.
In this case the plaintiff was the owner of commercial property located at 578 East Street, Pittsfield, Massachusetts. The subject premises had been used as an automobile dealership from 1972 to 1975 and, as such, had been equipped with hydraulic lifts for automobile repair. The evidence reportedly showed that the subject premises had been constructed as an automobile dealership but were leased to the defendant to be used as a Coca Cola distribution center for a lease term beginning October 1, 1984 and ending November 30, 1986. Defendant offered evidence to show that they were unable to use the premises as a distribution center with the lifts intact as they prevented trucks from entering the building.
The parties understood that the leased premises were to be used as a distribution center. As part of the lease agreement the defendant agreed “to return the premises to the plaintiff in as good order and condition as they were when let... and not to make or suffer any waste thereof.” The lease also provided that the defendant must secure written permission for any alterations to the leased premises.
Evidence at trial was that during the term of the tenancy, the defendant, without written permission but with oral permission, removed the hydraulic lifts. In November 1986, the defendant vacated the premises. The claim relating to the removal of the hydraulic lifts was not raised until 1988.
During the trial the plaintiff introduced evidence that the cost to replace the hydraulic lifts would be $23,125.60.
The Court entered judgment on the complaintfor the plaintiff, as trustee for Arace Realty Trust, in the amount of $1.00 (one dollar) on Counts I and II, and limited recovery to one Count. On the counterclaim, judgment entered for James Arace, defendant in the counterclaim.
The issue presented in this case is whether the damages awarded were adequate and whether the damages were consistent with the Court’s rulings.
After trial, the Court found that the proper measure of damages was the diminution in market value of the premises and allowed plaintiffs Requests for Rulings No. 8 and No. 13. The Court further found that
*196 ... except for nominal damages, the plaintiff cannot recover whatever standard is used. The testimony as to the decrease in market value is unconvincing. The only evidence came from the plaintiff himself. The only evidence of usage of the building shows that the building was more usable without the lifts... lifts probably do not add value to a building... the testimony as to value was credible butthere was insufficient evidence to show any value or benefit or intention of the plaintiff to reinstall the lifts.
Findings, Action on Rulings, and Order, page 3.
The Court did find that the defendant had breached the contract and awarded nominal damages in the amount of $1.00 (one dollar). In acting on plaintiffs “Motion to Reconsider,To Amend, andFor Relief fromjudgment,’’which was filed subsequent to the Court’s Finding and Order, the Court specifically found that the plaintiff had failed to prove that he had suffered any damages.
The issues raised in this case are factual and clearly the Trial Judge’s factual findings must be accepted as final if they can “be supported by any reasonable view of evidence including all rational inferences of which it is susceptible.” Vierra v. Nunes, 32 Mass App. Div. 189 (1975). The Court’s findings in the present case are supported by the evidence introduced at trial and must be accepted as final.
Plaintiff also raised the issue of the sufficiency of the damages. Damages are considered to be factual issues and are not reviewable unless the amount is so clearly erroneous that, as a matter of law, it ought not stand. Goldstein v. Sansoucy, 25 Mass. App. Div. 112 (1962), citing Barthy v. Phillips, 317 Mass. 35 (1942).
The Court specifically found that the plaintiff failed to prove any damages. It cannot be said that this award was erroneous and therefore the award of nominal damages should stand.
The Appellate Division considers questions of law only and does not consider issues of credibility or determinations of fact. Appleton v. Hickey, 50 Mass. App. Div. (1972). The Court’s Ruling is without prejudicial error and should be upheld and the report is dismissed.
We find no error and dismiss the report.