Fecteau, J.
This cause of action relates to a single-car accident wherein the plaintiff was a front-seat *570 passenger. She brought suit against the operator for negligence, due to the inhaling, by the operator of an aerosol product known as “dust-off,” used to clean electronic products such as computers. The case was tried before me, sitting with jury, on February 14, 2000. The jury returned a verdict in favor of the plaintiff on liability, but it awarded no damages and found the plaintiff to have been 50% comparatively negligent. The plaintiff has moved for a new trial, or, in the alternative, for an additur, with regards to the failure of the jury to award any damages and with respect to the finding of comparative negligence.
The grant or denial of a motion for “a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520, cert. denied, 493 U.S. 894 (1989), quoting Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). The judge, however, “should not decide the case as if sitting without a jury, rather, the judge should only set aside the verdict if satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Robertson, supra, quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Moreover, a judge should exercise this discretion only when the verdict “is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.”
Scannell v. Boston Elevated Ry., 208 Mass. 513, 514 (1911).
Rule 59(a) states as follows in pertinent part: “A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions of law in the courts of the Commonwealth; . . . A new trial shall not be granted solely on the ground that damages are inadequate until the prevailing party has first been given an opportunity to accept an addition to the verdict of such amount as the court adjudges reasonable ...”
In the case of Bartley v. Phillips, 317 Mass. 35 (1944), the court described the circumstances that will justify the grant of a new trial on the ground of excessive or inadequate damages as
when the damages are so great. . . that it may be reasonably presumed that the jury, in assessing them, did not exercise a sound discretion, but were influenced by passion, partiality, prejudice or corruption [citations omitted). Somewhat similar is the rule laid down for granting a new trial because contrary to the weight of the evidence in general, namely, that the verdict must be “so greatly against the weight of the evidence as to induce in his [the judge’s] mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice”. . .
But the rule may equally well be stated more briefly. The “fundamental test” is “that such motions ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result.” [citations omitted]
Where the ground of the motion is excessive or inadequate damages, it has been said that a new trial should be granted when the amount of damages is “greatly disproportionate to the injury proved.”
At 41.
“The question whether a new trial should be granted for excessive or inadequate damages or for other reasons is within the ‘discretion’ of the trial judge.” Id. at 42. “[A]n award of damages must stand unless to . . . permit it to stand was an abuse of discretion . . . amounting to an error of law.” Id. at 43. “ ‘Discretion,’ in this connection does not mean wilful or arbitrary decision. The ‘discretion’ meant is ‘judicial discretion,’ which ‘imports the invocation by a clear and trained mind of reason, courage, impartiality and conscience to accomplish in a calm spirit a result in conformity to law and just and equitable to all parties.’ ” Id. at 42.
A. Comparative negligence
The jury found that the plaintiff was 50% responsible for her own injuries. The evidence clearly shows that the plaintiff was one of four high school students, all of whom, on their last day of school before summer recess, decided to purchase 4 cans of an aerosol product with the intention of inhaling it. The evidence clearly supported the inference that it was their common intention and purpose to inhale the product while the motor vehicle was in operation and that all did so in plain view of one another. The jury’s decision that the plaintiff was 50% negligent as between her and the operator is adequately supported in the evidence and shall not be disturbed.
B. Damages
The plaintiff incurred in excess of $6000.00 in medical expenses .most of which were incurred as a result of the accident and her immediate admission to the University of Massachusetts Medical Center. She suffered contusions, abrasions and some modest disfigurement, as well as attendant pain and suffering. Upon consideration of the evidence in the case including the testimony of witnesses and the exhibits, and having in mind the injury suffered by the plaintiff, the medical expenses that were admitted without contest and the reasonableness and necessity thereof uncon-troverted, as was causal relationship, I cannot, in the exercise of judicial discretion, allow this verdict to stand, unaltered, as I am of the judgment that it does *571 go against the weight of the evidence and was likely due to passion or punishment for her own obvious senseless behavior, likely out of a sense or belief that the plaintiff should not benefit from her own wrongdoing, a sentiment that the court can easily understand and appreciate.
I do not make this decision lightly. I make this ruling with the understanding and knowledge of the place the jury holds in our system of justice and the accord and respect which the decision of the jury must be given, especially upon the question of what constitutes fair and reasonable compensation for an injury which may be unliquidated or include some element of uncertainty, such as with pain and suffering, which the jury finds based upon its application of common sense and conscience, and whether medical expenses are reasonable in amount and reasonably related to the treatment necessary for the alleviation of symptoms. I am also mindful of the distinction that must be drawn between a verdict that the court might disagree with as being low from one unreasonably so.
Upon consideration of the whole of the injury and damages sustained by the plaintiff, but without engaging in any kind of case-matching exercise, whether on a basis of absolute dollar amounts or on a multiplier as against special damages proven (see Griffin v. General Motors Corp., 380 Mass. 362, 371 (1980)), I am of the judgment that a verdict of $0.00 damages is inadequate as a matter of law. At the very least, the plaintiff had proven, as a matter of law, legal damages, including her entitlement to 50% of reasonable and necessary medical expenses and of damages for pain and suffering, loss of earning capacity and disfigurement, to some degree, even if modest. Therefore, I find that a verdict of less than $4000.00 is inadequate as a matter of law.
The court is also mindful of the likelihood that “personal injury protection benefits” were paid to the plaintiff and that the defendant would be exempt from tort liability to the extent of such benefits paid. Therefore, the parties shall file, within twenty days of the date of this decision, either jointly or separately, their certificate(s) as to the amount of any such benefits received, the applicability of “PIP” benefits to this decision and the likely outcome, given any set-off that is appropriate.