Brennan, J.
Aggrieved by the trial judge’s order denying the defendant’s Motion to Dismiss the Application for Supplementary Process and the defendant’s Motion to Reconsider her Motion to Vacate the Default Judgment and to Dissolve the Execution, the defendant commenced this appeal pursuant to Rule 8C of the District/ Municipal Courts Rules for Appellate Division Appeal. The facts and issues necessary for an understanding of this matter are as follows.
Facts
Danuta E. Golemo, Defendant-Appellant in this proceeding, was the wife of Marian Golemo. Together they operated Golemo Travel Service in Worcester, Massachusetts. Marian and Barbara Gasiorowski paid $60,000.00 to Golemo Travel Services and subsequently Marian Golemo fled the country with their funds.
Procedural History
On or about February 10, 1995 Barbara Gasiorowsld filed a complaint against Marian F. Golemo and Danuta E. Golemo individually and d/b/a Golemo Travel Service. On or about April 4,1995 a default judgment was entered in the amount of $60,000.00 and on April 14,1995 an Execution was entered. On October 24,1997 the Judgment was assigned from Gasiorowski to Pekao Trading Company, Appel-lee in this matter. On or about December 9, 1999, Pekao filed an Application for Supplementary Process against Danuta Golemo and on December 30, 1999, Danuta Golemo was served in hand with the Supplementary Process. On or about March 1,2001 Golemo, through counsel, filed a Motion to Dismiss the Application for Supplementary Process pursuant to Mass. R. Civ. P., Rule 12(b)(2). On April 3, 2001 Pekao filed its Opposition to the Motion to Dismiss and on April 3, 2001 Golemo filed a Motion to Vacate the Default Judgment pursuant to Mass. R. Civ. P., Rule 60(b)(6). Thereafter, Pekao filed its Opposition to the Motion to Vacate Judgment, citing Golemo’s deposition transcript and on April 11, 2001 Golemo filed a Motion to Strike her Deposition Transcript.
During the time that these matters were pending in the District Court, Golemo was facing charges in the Superior Court as well as in the Federal District Court.
The matter came on for hearing on February 14, 2002 and, after hearing the court found that “The argument of res judicata does not apply to this motion. This motion is not made within a reasonable time as required by the rule.” Golemo filed motions to reconsider and on May 13,2002 the court ruled that
*43 1. Defendant’s Motion to Dismiss the Application for Supplementary Process was Denied.
2. Defendant’s Motion to Reconsider her Motion to Vacate the Default Judgment and to Dissolve the Execution was Denied.
Thereafter, Danuta Golemo filed this appeal to the Appellate Division. The issues presented for review are whether the court erred in denying Golemo’s Motion to Vacate the Default Judgment and whether the court erred in denying Golemo’s Motion to Dismiss the Application for Supplementary Process.
Mass. R. Civ. P., Rule 60(b)(6) provides that
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, order or proceeding was entered or taken. ... This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
Golemo argues that Rule 60(b)(6) contains no actual time limit for the filing of a motion, but merely relies on the standard of a “reasonable time” and that it is within the discretion of the trial judge to allow a Motion to Vacate Default Judgment. In the brief filed in support of the appeal, Appellant Golemo asserts that “a judge enjoys the broad discretion to allow a motion to vacate with little regard to how much time has passed since the entry of the default judgment.” Here nearly six years passed between the entry of the Default Judgment and the Motion to Vacate the Default Judgment. Appellant asserts that in failing to answer the original complaint and her subsequent failure to file a Motion to Remove Default in a more timely manner she was relying on her Fifth Amendment rights as they may have applied in the ongoing actions in the Superior Court and Federal District Court.
In this case Appellant does not dispute that she received notice at the time of the judgment. Nor does she allege that the trial judge abused his discretion. The claim of a Fifth Amendment privilege was never raised prior to the filing of the Motion to Vacate Default Judgment. Procedurally, Appellant could have filed a motion to remove the default and stay further action during the pendency of her other matters.
It is well accepted in order to show that a judge abused his or her discretion it must be demonstrated that “no conscientious judge, acting intelligently, could honestly have taken” that course of action. Bartley v. Phillips, 317 Mass. 35 (1944). In this matter there was no abuse of discretion in the denial of the Motion to Vacate the Default Judgment.
Appellant Golemo asserts that the Judge erred when he denied her Motion to Dismiss the Application for Supplementary Process based on the affirmative defense of res judicata. Appellant relies on the voluntary dismissal of the action in the Federal District Court and suggests that the action should act as res judicata in the instant case. Where there was a judgment in effect, albeit by default, the issue of an affirmative defense is inappropriate as the case is terminated by way of default judgment and Execution. Further, where the judge denied that Motion to Vacate the Default Judgment the judgment remains in place and a Motion to Dismiss is inappropriate. Thus, after the denial of the Motion to Vacate Default Judgment, the Motion to Dismiss was not procedurally appropriate and must, as a *44 matter of law, be denied. There was no abuse of discretion in the denial of the Motion to Dismiss.
For all of the reasons cited above, this appeal is dismissed.