Per Curiam.
The defendant, Fernando Amaral (“Amaral”), appeals from a jury verdict awarding the plaintiff, Gabriel F. Barboza, doing business as GFB Contracting (“Barboza”), damages that exceed the amount prayed for in the complaint. Amaral contends that the jury erred in awarding Barboza $36,307.00 on his suit that specified $20,000.00 in damages, and that the judge committed error in refusing to allow the motion for new trial and remittitur or, alternatively, to modify or vacate the award under Mass. R Civ. R, Rule 60(b). Finding no error, we affirm.
Barboza filed a verified complaint against Amaral and Benfica Realty, LLC (“Benfica”), which contained counts for breach of contract, quantum meruit, unjust enrichment, and violations of G.L.c. 93A. The amount prayed tor was $20,000.00. Both defendants answered the complaint and asserted counterclaims for damages arising out of the same set of alleged facts. At trial, the judge allowed a motion for directed verdict as to Benfica, but denied the motion as to Amaral. As a result, the jury decided only the claims and counterclaims between Barboza and Amaral.
During the course of the trial, the jury heard evidence that the parties had an agreement for certain construction and restoration work to be performed at Fernando’s Sports Bar in New Bedford. As owner of the establishment, Amaral hired Barboza to rebuild the bar and renovate portions of the building. The contract price for Barboza’s work was $69,732.00, and Amaral was to make partial payments as the work progressed. Some payments were made and “extra” work was included as the remodeling continued. As a result of numerous substantial changes to the nature and scope of work to be performed, the parties made further revisions to the initial contract, resulting in a modified agreement dated October 18,2007. This modified agreement, which entered as an exhibit and was provided to the jury, refer *140 enced the additional work and recited, ‘Total due $66,307.00.” It also contained, however, the following statement:
After lengthy conversation with owner on 10/26/07, and to keep good customer relations, I [Gabriel Barboza] have decided to take $16,307.00 off of the total amount due price. This includes the remaining balance on the original contract and the amount for extras on this amended contract. My decision was based on the fact that the handicap zoning codes had to be reevaluated and as a result, additional demolition and materials were needed. Although I do not hold any responsibility for the blueprint and building inspector oversight, I will give the customer a fair deal.
The agreement goes on to recite that $30,000.00 was to be paid on October 27, 2007 (the date of signing) and that the remaining $20,000.00 was to be paid in increments of $1,500.00 each month until paid in full. While Amaral paid the requisite $30,000.00, he never paid anything else. Consequently, Barboza brought this action, specifically seeking $20,000.00 in damages. The jury returned a verdict of $36,307.00 in favor of Barboza, and $5,000.00 in favor of Amaral against Barboza on his counterclaim. Consequently, two judgments entered on February 10, 2010: one for Barboza reflecting the jury’s award of $36,307.00, and the other for Amaral, which did not contain any specified amount on the counterclaim. Amaral appealed and filed motions for posttrial relief, including remittitur and a Rule 60(b) motion to vacate or modify the judgment. The trial judge heard the motions for relief, and on October 7, 2010, a new judgment on the counterclaim was issued reflecting the jury’s verdict of $5,000.00 in favor of Amaral. Neither party appealed the October 7, 2010 counterclaim judgment.
Turning to the merits of Amaral’s appeal, we find no error in the jury’s verdict and conclude further that the judge did not abuse his discretion in refusing to reduce the damages awarded. While the record before us demonstrates that the parties discussed jury verdict slips and that the judge patiently tried to assist in providing samples, there is no confirmation that any special verdict slips were ever given to the jury. Instead, the record reflects only that the jury awarded $36,307.00 to the plaintiff, and the question is whether there is supporting evidence from which a rational fact finder could have awarded such damages. O’Brien v. Pearson, 449 Mass. 377, 384-385 (2007). The judge should set aside a verdict as against the weight of evidence only when it is determined that the jury “failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989), quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56,60 (1948). As the Supreme Judicial Court noted in Hartmann, “[a]buse of discretion in granting or refusing a new trial can so seldom be found that actual instances in which this court has set aside the action of the trial judge on that ground are almost nonexistent, and it has repeatedly been stated that occasions when this court can do so are exceedingly rare.” Id. at 61.
In this case, the trial judge clearly had the discretion to decide whether to allow a motion for new trial or other relief from the jury’s verdict, and an appellate court will not find an abuse of discretion in the judge’s refusal to grant a new trial “unless the damages awarded were greatly disproportionate to the injury proved or represent a *141 miscarriage of justice.” Commonwealth v. Johnson Insulation, 425 Mass. 650, 668 (1997), citing doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975), and Bartley v. Phillips, 317 Mass. 35, 41-43 (1944). In considering whether the judge abused his discretion or committed an error of law in this case, we note that the jury was properly provided with evidence of contract terms that, if credited, would mathematically justify the award given. We also see from the record that the judge instructed the jury on all the appropriate causes of action, including breach of contract, unjust enrichment, and quantum meruit, and there were no objections to any instruction from either party. Moreover, the judge appropriately instructed the jury on the computation of damages and specifically included the model language relative to claims and counterclaims. Again, neither party objected to any of the judge’s jury instructions and there is nothing in the record before us to suggest that the judge abused his discretion in denying any of the defendant’s motions.
Judgment affirmed.
So ordered.