Welsh, J.
This is a petition to establish a report brought by the Maguires as owners of real estate who were unsuccessful in defending a contract claim against them brought by Marot, a builder.
The draft report sought to be established is replete with argument, reflecting the contentions of the defendants, commingled with a recital of proceedings and the purported summaries of the testimony. While it is within the discretion of the Appellate Division to deal with a report at variance -with the model draft report format that is incorporated by reference in Rule 64, Dist./Mun. Cts. R. Civ. E, appellants are required to adhere to the suggested format to the extent feasible and avoid the temptation to insert extraneous material that is more properly relegated to the briefs required of the parties. Tranfaglia v. Security National Bank, 50 Mass. App. Dec. 85 (1973).
The draft report languished unsettled from June 6,1993 until it was disallowed by the judge on January 19,1994. The defendants apparently did file a motion to alter or amend judgment contemporaneously with the draft report. The pendency of such a motion would toll the time for filing a draft report so that a ñill 10-day period would commence to run from the date notice of the decision on the motion was given the parties. The docket shows that the defendants’ motion to alter or amend judgment was denied on June 11,1993. Even if one were to enlarge the 90-day period to allow for the pendency of the motion, the petition to establish was not timely. Such inaction warrants dismissal even though the judge purported to act on the draft report after the expiration of the 90 days, as adjusted for the pendency of the post-trial motion of the defendants. Brown v. Quinn, 406 Mass. 641, 647 (1990).
In order to preserve the right to appellate review, the petitioners should have either filed a petition to establish before the 90 days plus the time the motion to amend was pending, or sought an extension of the time by a motion in the Appellate Division. Having pursued neither course, the appellants have lost the right for appellate review.
Even if the procedural faux pas were not so egregious, the appellants’ claim of aggrievement relates primarily to the damages awarded. The general test for appellate review on considering a claim that the damages were excessive or inadequate is that enumerated in Bartley v. Phillips, 317 Mass. 35 (1944), namely, whether upon a survey of the case as a whole it appears to the judicial conscience and judgment that a miscarriage of justice would result if the award was allowed to stand. Id. at 41. There is nothing in the report sought to be established that would *232 warrant, much less require, such a conclusion.
We observe that a transcript accompanied the petition and draft report. We reiterate that the inclusion of a transcript is not countenanced under the rules pertaining to the present appeal. Worldwide Commodities, Inc. v.J. Amicone Co., 36 Mass. App. Ct. 304, 306-307 (1991). Compare Rule 8(c), Dist./Mun. Cts. R. A. D. A, applicable to appeals arising after July 1,1994.
The petition to establish report is dismissed.
So ordered.